Van Voorhis, J.
The decision of this appeal hinges on whether the three- or six-year Statute of Limitations applies to the causes of action alleged in the amended complaint. Plaintiff asserts that his cause of action was created by statute, and that consequently the six-year limitation applies (Civ. Prac. Act, § 48, suhd. 2), or that, if the cause of action sounds in tort, the theory of action is nuisance, to which likewise the six-year statute applies (§ 48, subd. 3) unless the action be for negligence in neglecting to remove a nuisance. In the latter instance the three-year statute is a bar (Civ. Prac. Act, § 49, subd. 6). The amended complaint has been dismissed upon the ground that the injury to plaintiff resulted from negligence. This disposition, in our view, was correct.
Plaintiff sustained personal injuries from falling on a stairway of a multiple-family apartment house leading from the top floor to the roof. This stairway was provided for the use of tenants in the building. The cause of plaintiff’s fall is alleged to have been that the door opening to the roof at the head of *248 this stairway was not self-closing as required by statute, but had blown open in consequence whereof water, snow and ice formed on the stairway rendering it dangerous and precipitating plaintiff’s fall.
We are not confronted by the question whether there would be a statutorily created cause of action if injury or death had occurred by reason of the jamming of an escape hatch to the roof in event of fire (Altz v. Leiberson, 233 N. Y. 16; Amberg v. Kinley, 214 N. Y. 531; Willy v. Mulledy, 78 N. Y. 310; Koenig v. Patrick Constr. Co., 298 N. Y. 313; Pollard v. Trivia Bldg. Co., 291 N. Y. 19; People v. Nelson, 309 N. Y. 231). The common-law duty existed on the part of the landlord to maintain this stairway for the common use of the tenants, and the landlord would be liable at common law for negligently caused injury to a tenant resulting from falling on the stairs. At most this statute defined the standard of care to be exercised but did not create the cause of action (Shepard Co. v. Taylor Pub. Co., 234 N. Y. 465, 468; Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287) if, indeed, a statute designed for fire protection can be said to have had any direct relation to the cause of action alleged in the amended complaint. When a statute merely defines the degree of care which shall be employed under specified circumstances where there is already in existence a duty whose violation gives rise to legal liability, it does not create a new liability but merely changes or defines the standard of care which must be applied in an action to recover damages caused by lack of care (Shepard Co. v. Taylor Pub. Co., supra). In such case it does not create the cause of action so as to render applicable the six-year Statute of Limitations under subdivision 2 of section 48 of the Civil Practice Act (Schmidt v. Merchants Desp. Transp. Co., supra).
Neither does the Statute of Limitations control which is applicable to causes of action in nuisance under subdivision 3 of section 48 of the Civil Practice Act. If the cause of action consists in the creation by a defendant of a dangerous condition in the nature of a nuisance, as by the dangerously faulty design of a structure, the six-year statute applies, but the three-year limitation controls if the gist of the cause of action is negligence in failure to remove a dangerous condition which has been created by accident or, at least, not by the act or design of the *249 party to be charged. This aspect of the question is carefully analyzed as regards the applicability of the doctrine of contributory negligence in McFarlane v. City of Niagara Falls (247 N. Y. 340). Here the gravamen of the cause of action is negligence in failure to remove the water, snow or ice alleged to have accumulated on the stairs, of which defendants are charged with having had notice in time to have removed them before the accident. The dangerous condition claimed is not alleged to have been created by defendants but by the action of the elements. In such instance the three-year Statute of Limitations applicable to negligence applies (Civ. Prac. Act, § 49, subd. 6).
The judgment appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Burke and Foster concur.
Judgment affirmed.