TEODORO MUNOZ et al., Respondents, *v.* ANNA PAPPAS, Appellant.
TEODORO MUNOZ et al., Respondents, *v.* SIMEON H. F. GOLDSTEIN, Appellant.

First Department, April 3, 1962.

*Sidney J. Loeb* of counsel (*Emanuel Morgenbesser,* attorney), for appellants.

*Mark Barret Wiesen* for respondents.

*Per Curiam.* Defendants Goldstein and Pappas appeal from an order granting plaintiffs' motion to strike the defense of Statute of Limitations pleaded by Goldstein, denying Goldstein's cross motion for judgment on the pleadings, and consolidating the action against him with plaintiffs' similar action against Pappas.

The complaint against Goldstein alleges that plaintiff Isabel Munoz, wife of her coplaintiff, was injured as a result of negligent maintenance by defendant Goldstein of a stairway in an apartment house owned by Pappas. Goldstein was appointed receiver of rents and profits of the building in an action to foreclose a mortgage on it. The complaint itself shows that the accident occurred more than three but less than six years before institution of suit. Goldstein pleaded the Statute of Limitations as a defense, and the essential issue is whether the three-year or the six-year limitation is applicable (see Civ. Prac. Act, § 49, subd. 6; § 48, subd. 2). The three-year limita-

tion governs if the damages sought are for a personal injury "resulting from negligence." The six-year limitation applies if the suit is one " to recover upon a liability created by statute ".

Before the enactment of section 977-c of the Civil Practice Act in 1946, a suit against a receiver, as such, would not lie, where, as here, " no assertion of affirmative negligence is made " (*Woman's Hosp.* v. *Loubern Realty Corp.*, 266 N. Y. 123, 125). Section 977-c, however, provides that a receiver " shall be liable, in his official capacity, for injury to person or property hereafter sustained by reason of conditions on the premises, in a case where an owner would have been liable." Accordingly, plaintiffs submit, Goldstein's alleged liability is created by statute and the six-year limitation controls. Goldstein, on the other hand, contends that section 977-c created no new liability.

From the complaint, as well as from the title of the action, it appears that Goldstein is being sued in his personal and not in his official capacity. Thus, the three-year limitation applies and judgment on the pleadings in favor of Goldstein must be granted. Under this disposition of the appeal, we do not reach the issue tendered by the parties. Since plaintiffs may contemplate proceeding against Goldstein hereafter in his official capacity, we deem it appropriate to make the following observations.

We perceive no reason of policy for denying a receiver, sued for passive negligence, the benefit of limitations available to an owner similarly sued, and we believe the Legislature intended conferring such benefit. The general objective of section 977-c, as we understand it (see 1946 Report of N. Y. Law Rev. Comm., p. 25), was to equate the liability of a receiver (suable before the enactment of section 977-c for affirmative negligence only) with that of an owner (suable for both affirmative and passive negligence). It is hardly conceivable that the Legislature intended to sanction suits against a receiver for passive negligence if brought within six years, though similar suits against an owner would be barred after three; or for that matter to sanction suits against a receiver for passive negligence brought within six years though suits against him for affirmative negligence would be barred after three years. In so interpreting the words " in a case where an owner would have been liable ", we do not overlook the impact of the argument that a liability may exist although the period of limitation has run (see *Johnson* v. *Albany & Susquehanna R. R. Co.*, 54 N. Y. 416). But surely the Legislature, endeavoring as it was to eliminate what it deemed an undesirable discrimination, did not contemplate that the section would be judicially construed on the basis of

conceptual distinctions between right and remedy, resulting in new incongruities which appear equally undesirable.

It is to be observed, further, that receivers were not free of a duty of care before section 977-c was enacted, for affirmative negligence subjected them to damages. Accordingly, it is fair to say, in the words of Judge VAN VOORHIS in *Lorberblatt* v. *Gerst* (10 N Y 2d 244, 248), that section 977-c " does not create a new liability but merely changes or defines the standard of care which must be applied in an action to recover damages caused by lack of care "— that " this statute defined the standard of care to be exercised but did not create the cause of action ".

Accordingly the order appealed from should be unanimously reversed, on the law, without costs, and the motion of defendant Goldstein for judgment on the pleadings granted and the complaint against him dismissed.

Dismissal of the action against Goldstein makes it unnecessary to discuss the propriety of consolidating that action with the action against Pappas.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and BASTOW, JJ., concur.

Order entered on November 21, 1961 unanimously reversed, on the law, without costs, and the motion of defendant Goldstein for judgment on the pleadings granted and the complaint against him dismissed. Settle order on notice.