438 P.2d 772

**Oliver B. CROCKER, Appellant,**

v.

**Dorothy M. CROCKER, Appellee.**

**No. I CA–CIV 436.**

Court of Appeals of Arizona.

March 18, 1968.

Rehearing Denied April 16, 1968.

Review Granted May 7, 1968.

Finn & Meadow, by Herbert B. Finn, Phoenix, for appellant.

Powers & Rehnquist, by Frederick O. Robertshaw, Phoenix, for appellee.

STEVENS, Judge.

The matter before us is a defendant's appeal from a summary judgment granted on the plaintiff's motion and based upon a California judgment. The plaintiff and defendant were formerly husband and wife residing in California. The judgment sought to be enforced in Arizona was the money aspect of a California decree of divorce. The wife was the plaintiff in California and she also was the plaintiff in Arizona. The defendant questions the jurisdiction of the California Court to enter a money judgment.

THE CALIFORNIA RECORD

We must first examine the records of the Superior Court in California as those records were presented to the Superior Court in Arizona in support of the plaintiff's Arizona motion for summary judgment.

The plaintiff filed her verified complaint for divorce on 26 December 1963. Therein she stated her California residence, the 1931 marriage and alleged a separation on 16 November 1963. The complaint contains no allegations as to the residence of the defendant. The complaint contains allegations in support of a request for alimony and attorney's fees. It alleges grounds for divorce and requests the division of property. The complaint is silent as to family debts or a prayer that the defendant be required to pay the same except the general prayer "for such other and further relief as the Court deems just and equitable".

On 25 March 1964 the plaintiff filed her "Declaration for Order for Publication of Summons" wherein she stated that on the date of the filing of the complaint the defendant was a resident of Santa Ana, California, and that since the filing of the complaint he had moved to Phoenix, Arizona. The trial court entered its "Order for Publication of Summons on Complaint" authorizing service by mail which order, pursuant to Section 413 of the California Code of Civil Procedure, authorized personal service out of the State.

The summons was issued on 26 December 1963 and carries a return of service declaring that on 3 April 1964, the defendant was personally served in Phoenix with the "Summons and a copy of the Complaint". The return is silent as to the service of additional papers.

The defendant made no appearance in the California action and his default was

entered on 7 May 1964. The interlocutory decree was signed and filed on 13 May 1964.

Attached to the plaintiff's motion for summary judgment filed in Arizona, we find a series of sheets of paper purporting to be a copy of the interlocutory decree. These appear to be an effort to present an electronic reproduction of some type. The sheets are dim. Some are barely readable. Some cannot be read. We are at a loss as to why the trial judge did not order the exhibit stricken. But for the fact that the interlocutory decree is set forth in the supplemental abstract of record, we would not have been able to ascertain its contents. The interlocutory decree contains the following recitations:

"(2) That the defendant, * * * was duly and regularly served by substituted service of Summons herein by personal service thereof on said defendant in the State of Arizona pursuant to the provisions of Sections 412 and 413 of the Code of Civil Procedure of the State of California; * * *."

It further contained a finding as to alimony and attorney's fees. There was an additional finding that the defendant incurred debts, listing them, which totaled $3,511.78.

Based upon the findings of fact the interlocutory decree contains conclusions of law, the first one being:

"(1) That this Court duly acquired and now has personal jurisdiction over the defendant and all of the property of the community. * * *"

There was also a finding that "the defendant ought to be required to pay" alimony of $150 a month and $625 attorney's fees and that "he ought to be required" to discharge the debts. In the formal judgment he was required to pay alimony and he was required to pay to the attorneys the attorneys' fees and costs. The decree provided:

"That the defendant pay and fully discharge the following debts and obliga-

tions * * * and hold the plaintiff free and harmless from any thereof."

Apparently in the California action and on the 12th day of March 1965, the plaintiff filed a "Motion for Correction of Interlocutory Judgment and for Money Judgment", which motion was served upon the defendant in Phoenix on 22 March 1965. The fact of the service is not denied. Thereafter and on 5 April 1965 the California Court entered its "Order for Correction of Interlocutory Judgment and for Money Judgment" in which certain aspects of property were corrected. The order recited that on 16 May 1964, the defendant was personally served with a certified copy of the interlocutory judgment of divorce, a fact not otherwise established in the record before us. The court further found "that the plaintiff may be held liable for payment of attorney's fees, costs and known debts" and that the plaintiff ought to have a money judgment against the defendant for the total thereof, namely $5,930.20, and granted judgment accordingly. It is this order which was attached to and made a part of the complaint in Arizona.

During the progress of the Arizona action, and on 6 August 1965, the plaintiff secured a final decree of divorce in California and thereafter the defendant remarried.

## MOTION FOR SUMMARY JUDGMENT

In the Arizona action the defendant initially contested and then eventually conceded the in rem aspect of the plaintiff's decree of divorce including the divorce and the disposition of the property located in California. In the Arizona trial court he contested and he here contests, the in personam judgment of $5,930.02. In the Arizona action, the defendant stated under oath that he left California on 14 December 1963 coming to Arizona where he established his residence and secured employment. He further stated that he was not thereafter physically in the State of Cali-

fornia. It will be noted that the sworn statements of the defendant are directly contrary to the plaintiff's California affidavit upon which constructive service was based, her affidavit being that he was a resident of California at the time the complaint was filed on 26 December 1963. The defendant's affidavit is directly contrary to the finding of the California court upon which it based its jurisdiction to enter the interlocutory decree. If this dispute in the facts is material under the law, the motion for summary judgment was not properly granted. To counter the effect of these sworn statements by the defendant, the plaintiff's California lawyer submitted his affidavit in the Arizona case stating in substance that plaintiff had consulted him on the 29th of November 1963 giving him facts and circumstances showing a basis for a divorce action being the same grounds upon which the divorce was subsequently entered and that all of these incidents arose prior to the 29th of November. The affidavit further states that the complaint for divorce was prepared on 5 December 1963 although it was not filed until the 26th. This affidavit was not controverted.

It appears that the purpose of the affidavit was to bring the California decree within the provisions of Section 417 of the California Code of Civil Procedure:

> "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, *and was a resident of this State* (a) at the time of the commencement of the action, or (b) *at the time that the cause of action arose,* or (c) at the time of service. (emphasis supplied)

■ In our opinion, the facts which were necessary to permit an application of the California long arm statutes existed at the time the plaintiff filed her affi-

davit in California on 25 March 1964. In our opinion, the affidavit of the attorney filed in the Arizona action cannot be used to bolster or establish the jurisdiction of the California court, for the reason that the jurisdiction of the California court must stand or fall on the record made in that court. In California the plaintiff relied upon a residence of the defendant in the State of California "at the time of the commencement of the action" instead of a residence "at the time the cause of action arose". There is no question in the record before us but that the defendant was a resident of California at the time the plaintiff's cause of action arose. Under these circumstances we hold that the conflict in the affidavits as to whether the defendant was a resident of California at the time of the filing of the divorce action on 26 December 1963 does not constitute a conflict in relation to a "material fact" and that the conflict in the affidavits does not preclude the granting of the motion for summary judgment. Rule 56(c), Rules of Civil Procedure, 16 A.R.S.

■ One serious question remains, that of the adequacy of the notice to the defendant that the California court was attempting to exercise personal jurisdiction over him and would or might enter a personal money judgment against him. Since Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877), states have attempted to extend their in personam jurisdiction beyond state lines in limited fact situations. It is our opinion that the basic principle is that a state may not extend the in personam power of its civil process beyond its own boundaries unless the necessary jurisdictional basis exists. California has construed the statutes heretofore cited in this opinion to be a valid exercise of the long arm statute concept. Owens v. Superior Court, 52 Cal.2d 822, 345 P.2d 921, 78 A.L.R.2d 388 (1959).

■■ In the case before us we find an absence of notice to the defendant that if he failed to answer the complaint and sum-

mons which were served upon him in Arizona on 3 April 1964, that he could be subjected to a money judgment as well as to the loss of wife and property. We recognize an absence of case law in this field. In this opinion we do not attempt to specify the form or contents of such notice. We hold that it is essential to due process in relation to in personam jurisdiction that a defendant being served as this defendant was served, must be served not only with a complaint and summons but also with notice in some form which advises the defendant that it is contended that the court has jurisdiction to enter the money judgment sought together with a statement of the legal basis for that contention. It is only under these circumstances that a defendant can intelligently decide whether to attempt to answer or to permit his default to be entered.

The summary judgment is vacated and this cause is remanded for further action consistent with this opinion.

CAMERON, C. J., and DONOFRIO, J., concur.