446 P.2d 226

**Oliver B. CROCKER, Appellant (Respondent),**

v.

**Dorothy M. CROCKER, Appellee (Petitioner).**

**No. 9279–PR.**

Supreme Court of Arizona.

In Banc.

Oct. 25, 1968.

**498**

Herbert B. Finn, Phoenix, for appellant-respondent.

Powers & Rehnquist, Phoenix, for appellee-petitioner.

UDALL, Vice Chief Justice.

This case is before us on the petition of Oliver Crocker (hereinafter defendant), to review the decision of the Arizona Court of Appeals in the case of Crocker v. Crocker, 7 Ariz.App. 303, 438 P.2d 772 (1968).

Dorothy M. Crocker (hereinafter plaintiff), commenced a divorce action against defendant on December 26, 1963, in the Superior Court of California. The complaint prayed for divorce, a division of the community property of the parties, support for plaintiff, and for plaintiff's attorney's fees.

Pursuant to Rules 412 and 413 of the California Code of Civil Procedure defendant was served by publication and personally served in Arizona with a copy of the complaint and summons. Defendant failed to appear or answer in the California action and his default was entered on May 7, 1964. On May 13, 1964 an interlocutory decree of divorce was rendered awarding plaintiff a divorce from defendant, awarding her certain community property, ordering defendant to pay certain community debts, and awarding plaintiff monthly alimony support and attorney's fees. A final judgment of divorce was entered on August 6, 1965.

Plaintiff had the decree reduced to a money judgment and brought suit on it in the Superior Court of Arizona. Defendant answered the complaint by denying the validity of the California judgment alleging that it was void and unenforceable for lack of jurisdiction. Plaintiff then moved for summary judgment and her motion was granted.

The question before us is whether the summary judgment was properly grant-

ed. The judgment was proper if the pleadings, depositions and affidavits show that there was no genuine issue as to any material fact and that plaintiff was entitled to a judgment as a matter of law. Rule 56 (c) Arizona Rules of Civil Procedure, 16 A.R.S. For the reasons which follow we hold that there was no genuine issue as to a material fact and summary judgment was properly granted.

Section 417 of the California Code of Civil Procedure provides:

"Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this state (a) at the time of the commencement of the action, or (b) *at the time that the cause of action arose,* or (c) at the time of service." (Emphasis supplied.)

The statute was held to comply with due process requirements in the case of Owens v. Superior Court of Los Angeles County, 52 Cal.2d 822, 345 P.2d 921, 78 A.L.R.2d 388 (1959).

The California court, in its Interlocutory Judgment of Divorce, made the following finding of fact:

"(3) That at the time the plaintiff's Cause of Action herein arose * * * the defendant, OLIVER B. CROCKER, was a resident of and domiciled in the State of California within the meaning and intent of Section 417 of the Code of Civil Procedure of the State of California: * * *."

In support of her motion for summary judgment plaintiff filed an affidavit in which she swore that the acts of cruelty inflicted upon her by defendant—grounds for the California divorce decree—were all committed while plaintiff and defendant resided together in California. In addition, the affidavit of plaintiff's California attorney was filed in which he swore that

plaintiff consulted him concerning the divorce on November 29, 1963 and that the divorce complaint was prepared on December 5, 1963. Defendant admitted in his oral deposition that he left California to take up residency in Arizona on December 14, 1963 and that he considered himself a resident of California until that date.

■ It is clear that the cause of action for divorce arose before plaintiff consulted her attorney and before the complaint was drafted, i. e. prior to December 5, 1963. Therefore, if defendant was a resident of California until December 14, 1963, as he testified in his deposition, he was obviously a resident of California when the cause of action arose. If defendant wished to raise the issue that the California court lacked a proper basis for in personam jurisdiction he had the burden of offering evidence which would contradict his sworn statement. His opposing affidavit failed to make the needed contradiction. The substance of the affidavit is included in the last paragraph where defendant stated:

"That the defendant permanently left the State of California and ceased to be a resident and domiciled in the State of California * * * prior to the time this cause of action arose."

No evidence was offered to support the above allegation.

In Woods v. Allied Concord Financial Corporation (Del.), 373 F.2d 733 (5 Cir. 1967), the opponent to a motion for summary judgment denied, in her affidavit, the existence of an alleged partnership. The court held that in the light of affiant's own sworn statement that the partnership existed, the bald denial in her affidavit was insufficient to raise a genuine issue of fact.

■ This court has held that the opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists. He must show that evidence is available which would justify a trial of that issue. Dobson v. Grand International Brotherhood of Locomotive Engineers, 101 Ariz. 501, 421 P.2d 520 (1966).

■ We conclude that defendant failed to raise an issue of fact and that summary judgment was properly granted.

■ We note the argument that due process requires more notice than was afforded defendant by personal service of the complaint and summons. The ruling would require a plaintiff, who was proceeding under a statute similar to the California provision for substituted service, to attach to the complaint and summons some kind of appendix which affirms plaintiff's intention to seek a personal judgment and sets out the legal basis upon which the court will be asked to rely. Such a rule is contrary to California law, Arko v. Starsevich, 237 Cal.App.2d 84, 46 Cal.Rptr. 596 (1965), and necessitates greater notice than that required by well-established law. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1941). In Milliken it was held that substituted service must be calculated to give the absent defendant actual notice of the proceedings and opportunity to be heard. In the instant case, defendant was personally served with a copy of the complaint. The complaint prayed for a money judgment. If defendant was uncertain as to whether the court could or would render a personal judgment against him he could have made a special appearance to contest jurisdiction. It is our opinion that he was afforded sufficient notice of the proceedings and had ample opportunity to be heard.

For the above reasons the decision of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.