519 P.2d 81

Rockne WARINNER and Peggy Warinner, his wife, Petitioners,

v.

The SUPERIOR COURT OF MARICOPA COUNTY, Arizona; the Honorable Ed W. Hughes, a Judge thereof; David J. NOGGLE, Jr., a single man, Real Party in Interest; and Justine SPITALNY, a married woman doing business as Spitalny's Real Estate, Real Party in Interest, Respondents.

No. 1 CA–CIV 2607.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 26, 1974.

Rehearing Denied April 10, 1974.

David W. Adler, Phoenix, for petitioners.

Burch, Cracchiolo, Levie, Guyer & Weyl, by C. Michael Pierce, Phoenix, for David J. Noggle, Jr., respondent-real party in interest.

## OPINION

DONOFRIO, Presiding Judge.

In this special action petitioners Warinner seek reversal of the trial court's denial of their motion for summary judgment. The jurisdiction of this Court in special actions pertaining to the denials of motions for summary judgment is limited. It is to be extended sparingly. We believe, however, this is a case which comes within the pronouncements set forth in Southwest Cooperative Wholesale v. Superior Court, 13 Ariz.App. 453, 477 P.2d 572 (1971), as modified by Safeway Stores, Inc. v. Maricopa County Superior Court, 19 Ariz.App. 210, 505 P.2d 1383 (1973). Thus, we extend jurisdiction.

At the outset it should be noted that respondent Noggle has filed no response to the petition for special action. Respondent Spitalny has not filed a response or appeared by counsel. After the filing of the petition this Court issued its order of January 3, 1974 fixing the date of the hearing wherein it provided that objections to the petition shall be in writing and shall be filed at least five days before the hearing. Counsel for respondent Noggle appeared at the hearing of this matter to argue the insufficiency of petitioner's presentation. Although in keeping with Welch v. Superior Court (Elliott), infra, we do not encourage this, we have nevertheless considered this cause on its merits. We would add that respondent Noggle's failure to file written objections is in non-compliance with Rule 7(c), Rules of Procedure for Special Actions, 17A A.R.S., which establishes a general requirement (in the absence of an order specifying a different time) that objections shall be in writing and filed and served at least one day before the day fixed for the hearing. Respondent has given no reason for his failure to file timely objections in writing. This failure " . . . is viewed by this Court as an admission that the petitioner is entitled to the relief requested, if debatable issues are presented." Welch v. Superior Court (Elliott), 21 Ariz.App. 131, 516 P.2d 587 (1973).

The instant case arose out of a sale of a home by the petitioners (defendants) to respondent Noggle (plaintiff) pursuant to a Purchase Contract and Receipt. Respondent's first amended complaint sought a

judgment and order of the court requiring petitioners to specifically perform an alleged agreement to make repairs on the house they sold to respondent, and prayed in the alternative for damages for breach of that alleged agreement to make repairs. The petitioners' motion for summary judgment made use of the deposition testimony of respondent. Briefly summarized, respondent in his deposition admitted that he never spoke to petitioners; that he was a party to only one contract with the petitioners, i. e., the sales contract; that nothing in the contract provided for repairs to be made by petitioners; and that petitioners never promised orally or in writing to make any repairs. Thus, petitioners contended that there existed no agreement to make repairs, and that therefore they were entitled to judgment as a matter of law, for there cannot be a breach of contract which, as respondent admitted, was never made or never came into existence.

■ Apparently the trial court was convinced by respondent's theory of the contract. Respondent argues that the sales contract was subject to the buyer's obtaining an FHA-insured loan, and because FHA would not insure financing on the home unless it be repaired to their specifications, a legal duty vested in the petitioners to make repairs. We fail to understand the merits of this argument. The respondent admitted the petitioners never promised either orally or in writing, to make any repairs; respondent admitted that in fact he was granted an insured loan from FHA; and finally, the language of the agreement itself cannot uphold such interpretation. The pertinent sections of the agreement indicating respondent's defective analysis of the contract are:

1. "Seventh: . . . and neither Purchaser, Seller, nor Broker shall be bound by any understanding, agreement, promise representation, or stip-

ulation expressed or implied, nor specified herein.

2. "It is expressly understood that, not withstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein, or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the seller has delivered to the purchaser a written statement issued by the Federal Housing Commissioner setting forth the appraised value of the property for mortgage purposes of not less than $——— [left blank]. The purchaser shall, however, have the privilege and option of proceeding with the consummation of this contract without regard to the amount of the appraised valuation made by the Federal Housing Commission.

3. "The balance of the purchase price to be paid as follows, to wit: . . . $19,050 by new FHA insured mortgage *to be secured by buyer*." (emphasis added)

No language appears in the four corners of the contract which makes the agreement contingent on petitioners' making repairs to the house. Respondent's argument that the agreement contained an understanding that petitioners were under a legal duty to make such repairs because FHA approval of the mortgage was premised on those repairs being completed cannot be sustained. In fact, the contract clearly indicates otherwise, as do the actions of the respondent in proceeding to make settlement.

Respondent in his amended complaint admitted signing a document which stated that the conditions had been met; that said document was to be held by respondent Spitalny (respondent Noggle's realtor) [1] until conditions (repairs) had been met;

---

1. In an affidavit filed by respondent Noggle, he states: "When I purchased my home from Rockne and Peggy A. Warinner, it was my agreement through *my realtor*, Justine Spitalny, that repairs required by the FHA were to be done by the seller. . . ." (emphasis added)

that said respondent Spitalny wrongfully delivered said document prior to the performance of conditions set by FHA. In addition, respondent Noggle alleged that Western Mortgage Company certified to FHA that the work had been satisfactorily completed.

Thus, we can find no conditions surrounding the drafting of this contract or in the contract itself which raise a genuine issue as to any material fact. Therefore petitioners were entitled to judgment as a matter of law.

In accordance with our findings, the denial of petitioners' motion for summary judgment in the trial court shall be vacated, and a judgment entered in favor of petitioners. We leave to the discretion of the trial court the question of attorney's fees incurred in the settlement of this dispute.

OGG and STEVENS, JJ., concur.