528 P.2d 178

**Federico FEUCHTER A., Appellant,**

v.

**Gabriel BAZURTO and Maria J. de Bazurto, husband and wife, Appellees.**

**No. 2 CA–CIV 1633.**

Court of Appeals of Arizona, Division 2.

Nov. 19, 1974.

Harley T. Morris, Nogales, for appellant.

Nasib Karam, Nogales, for appellees.

## OPINION

HATHAWAY, Chief Judge.

Appellant challenges the granting of appellees' motion for a summary judgment by the Superior Court of Santa Cruz County. We find that the granting of the motion was proper and therefore we affirm.

Appellant filed his multi-count complaint on December 14, 1971. The litigation involves three checks drawn by the appellant on the Banco de Comercio del Yaqui y Mayo S.A., Sonora, Mexico, totaling 1,476,000 pesos or approximately $118,080. Appellant contends that the checks were executed to the named payee upon certain conditions and without receiving any consideration whatsoever in anticipation of entrance into a business venture which did not materialize. On March 8, 1967, appellee Maria J. de Bazurto commenced an action against the appellant in the Republic of Mexico, State of Sonora, in Ciudad, Obregon. That action was decided in Mrs. Bazurto's favor and was affirmed by the Supreme Court of Mexico on appeal. The Mexican litigation involved the three checks with which we are concerned here.

Because the merits of the case have already been decided by a court in Mexico between these parties, we hold that the principles of res judicata prevents appellant in his attempt to institute new litigation on the same cause of action. While the Full Faith and Credit Clause of the federal constitution has no application to foreign judgments as a general rule, sometimes by virtue of statute, state and federal courts give recognition and force and effect to judgments obtained in foreign countries to the same extent as in the case of judgments of sister states on the basis of comity. 50 C.J.S. Judgments § 904, p. 540. The modern trend in the United States is to hold that a judgment rendered

by a court of a foreign nation will be given a conclusive effect, particularly as to the cause of action adjudicated in the prior decision in the foreign court, so that the merits of the case are not tried anew in the courts of the United States. 47 Am. Jur.2d § 1232, p. 235.

The deposition of appellant is replete with evidence that the issue involved in the Mexican litigation was the same as that involved in the subject litigation. When appellant was asked in his deposition whether judgment was given against him for the amount sued for, he answered, "yes." In response to a question whether that judgment settled the issue, he responded, "Over there, yes." At the end of appellant's deposition, the following exchange appears:

> "Q. So that I won't misunderstand you, your defense that you raise applies to all the checks that you had issued, had given to the plaintiffs, . . . which are alleged in your complaint?
>
> A. Yes."

■ Unless appellant could attack a judgment rendered and affirmed on appeal in the courts of Mexico, he should not be allowed to seek a different result on the same questions presented in the courts of this country. The only attack made by the appellant upon the judgment rendered in Mexico was contained in his affidavit attached to his opposition to appellees' motion for summary judgment. In his affidavit, appellant stated:

> "That the Judgment obtained by the Defendant Maria de Bazurto in the Republic of Mexico was obtained by fraud or collusion or both, said fraud or collusion being on her part or on the part of her attorneys in the Republic of Mexico and extending to the judicial system in Mexico involving the Courts or Judges therein."

Appellant would maintain that this statement was sufficient to warrant a denial of a motion for summary judgment. However, it is elementary that an opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists, but rather he must show that evidence is available which would justify a trial of that issue. Schock v. Jacka, 105 Ariz. 131, 460 P.2d 185 (1969); Crocker v. Crocker, 103 Ariz. 497, 446 P.2d 226 (1968). An affidavit in opposition to a motion for summary judgment without showing something in support of the denial is of no more effect than denials contained in an answer as they do not create a genuine issue as to any material facts. Gibraltar Escrow Company v. Thomas J. Grosso Investment, Inc., 4 Ariz.App. 490, 421 P.2d 923 (1966). An affidavit which is a mere statement of conclusions will not support a motion for summary judgment. Madsen v. Fisk, 5 Ariz.App. 65, 423 P.2d 141 (1967). An affidavit filed in response to a motion for summary judgment must be affirmative and present sufficient material to show that there is a triable issue of material fact. Perez v. Tomberlin, 86 Ariz. 66, 340 P.2d 982 (1959). A ruling granting a motion for summary judgment is presumed to be correct. Mozes v. Daru, 4 Ariz.App. 385, 420 P.2d 957 (1966).

■■ Appellant has not successfully attacked the judgment rendered in the courts of Mexico. He has stated a mere conclusion in his affidavit which is not enough to withstand the motion for summary judgment. We find that under the doctrine of comity, the courts of this country would recognize the judgment rendered in the litigation in Mexico. Therefore, since the litigation in Mexico involved, according to the deposition of appellant himself, the same issues, we find that the judgment rendered is binding upon these parties. To find otherwise would mean that Arizona would become a haven for all those persons who have become disenchanted with courts of other countries because judgment has been rendered against them there. They could then come to Arizona and seek to re-litigate issues which have already been concluded in courts of foreign coun-

tries. Therefore, we find that the judgment rendered in Mexico is binding upon the parties on the issues involved herein. The granting of the motion for summary judgment was proper.

Affirmed.

KRUCKER and HOWARD, JJ., concur.