603 P.2d 120

**Sherwood C. PARISH, a single man, Petitioner,**

v.

**The Honorable Alice TRUMAN, Judge of the Superior Court; and James Saunders, a single man, the real party in interest, Respondents.**

**No. 2 CA–CIV 3367.**

Court of Appeals of Arizona, Division 2.

Oct. 11, 1979.

Rehearing Denied Nov. 6, 1979.

Review Denied Nov. 27, 1979.

Slutes, Browning, Zlaket & Sakrison, by Philip H. Grant, Tucson, for petitioner.

Michael A. Blum, Tucson, for respondent James Saunders.

### OPINION

HOWARD, Judge.

Denial of a defense motion for summary judgment in a personal injury action is challenged in this special action. Inasmuch as we agree with petitioner that there are no genuine issues of material fact and his entitlement to judgment as a matter of law is clear, we assume jurisdiction. *Nataros v. Superior Court of Maricopa County*, 113 Ariz. 498, 557 P.2d 1055 (1976); *Safeway Stores, Inc. v. Maricopa County Superior Ct.*, 19 Ariz.App. 210, 505 P.2d 1383 (1973); *Warinner v. Superior Court of Maricopa County*, 21 Ariz.App. 328, 519 P.2d 81 (1974).

The complaint filed below alleged that petitioner had acted in a reckless and negligent manner on October 8, 1978, as a consequence of which real party in interest Saunders was seriously injured. In response to interrogatories submitted to him, appellant stated that he was a friend of the defendant and that he had been a guest in the defendant's home for approximately two weeks at the time of the October 8 incident. His negligence claim was based on the fact that petitioner opened his apartment door "at unreasonable hour to persons unknown in neighborhood known for trouble." The incident occurred at about 10 p. m. when three unidentified men burst into the residence and during the course of a brief fight, Saunders was shot three times. Neither Saunders nor, to his knowledge, Parish, had ever seen the assailants before. Parish was hit on the head with a club and was knocked out. From statements made by the assailants, they thought Saunders and Parish had drugs and money. In response to requests for admissions, Saunders admitted that he was a social guest at the time of the incident and that Parish did not know the assailants were at the door when he answered the knock.

Petitioner filed a motion for summary judgment claiming that he was entitled to judgment as a matter of law because he had no duty to protect Saunders from the criminal attack of a third person. In opposition, Saunders contended that a duty was owed to him under Restatement (Second) of Torts, Secs. 318, 321 and 322. Appended to his memorandum was his affidavit which stated that approximately one of two weeks before the incident, he was mugged while walking home, resulting in a minor injury, that Parish took him to the hospital and thus knew of the mugging.[1]

■ There is no question as to Saunders' legal status while in petitioner's home. He was a social guest, a licensee. Petitioner,

---

1. The affidavit also recited that in his opinion, the neighborhood surrounding the Parish home was a high-crime neighborhood. This statement, however, is a mere conclusion which is insufficient to withstand a motion for summary judgment. *Feuchter A. v. Bazurto*, 22 Ariz. App. 427, 528 P.2d 178 (1974).

therefore, owed no duty to Saunders other than to refrain from knowingly letting him run upon a hidden peril or wantonly or wilfully causing him harm. *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967); *Bisnett v. Mowder*, 114 Ariz. 213, 560 P.2d 68 (App.1977); *Downey v. Lackey*, 11 Ariz.App. 528, 466 P.2d 401 (1970).

Actionable negligence arises only when there is a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, defendant fails to perform this duty, and the plaintiff is injured as a proximate result of such failure. *Bennett v. Estate of Baker*, 27 Ariz.App. 596, 557 P.2d 195 (1976). The question, therefore, is whether petitioner's duty to his social guest includes a duty to protect him from criminal attacks by third persons.

The general rule is that in the absence of some special relationship, a private person has no duty to protect another from criminal attacks by a third person. *Totten v. More Oakland Residential Housing, Inc.*, 63 Cal.App.3d 538, 134 Cal.Rptr. 29 (1976); *Reynolds v. Nichols*, 276 Or. 597, 556 P.2d 102 (1976); Restatement (Second) of Torts, Sec. 315;[2] see also, 62 Am.Jur.2d, Premises Liability, Sec. 26; Annot. 10 A.L. R.3d 619, Sec. 3, p. 626 and cases cited therein. A special relationship giving rise to such duty may, however, exist, for example, between common carrier-passenger, innkeeper-guest, landowner-invitee, custodian-ward. *Totten*, supra. See also, Restatement (Second) of Torts, Sec. 314A. Plaintiff Saunders' relationship with petitioner is not one of these.

The admitted facts and the answers to interrogatories establish a complete absence of a hidden peril known to petitioner. Saunders' affidavit as to a previous mugging incident known to petitioner creates no factual issue so as to preclude summary judgment.

Inasmuch as petitioner owed no duty to Saunders to protect him from an assault by strangers, his motion for summary judgment should have been granted. We grant relief and direct the respondent court to enter an appropriate order consistent herewith.

RICHMOND, C. J., and HATHAWAY, J., concurring.

---

2. Sec. 315 provides:

"There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection."