## Kostas v. Alworth

*Anthony J. Martin,* for plaintiff.
*Wesley T. Long,* for defendant.
*James B. Durkin,* for additional defendants.

ACKERMAN, *J.,* March 31, 1988 — This is an action by a social guest to recover damages against a homeowner for personal injuries sustained when she was struck by a third person, who was at defendant's home visiting defendant's son. Defendant-homeowner has filed a motion for summary judgment in her favor. For the reasons that follow, summary judgment will be denied.

In passing upon this motion for summary judgment, we have accepted as true all well-pleaded facts in the plaintiff's complaint and have given the plaintiff the benefit of all reasonable inferences to be drawn therefrom. *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968). We also note that summary judgment can be granted only in those cases which are clear and free from doubt. *Mallesky v. Stevens,* 427 Pa. 352, 235 A.2d 154 (1967).

On Christmas Eve, 1983, defendant, Elizabeth Alworth, invited plaintiff, Madeline Kostas, to her home for the purpose of baking cookies. Also present in the home, but in a different room, were defendant's son, Nicholas Kotas, and two of his friends. Defendant's complaint against additional defendants alleges that defendant's son, Nicholas, is an adult, who did not reside with his mother; and hence, likewise was a guest. During the course of the evening Nicholas and his friends became intoxicated and disruptive, and a fight broke out between Nicholas and one of his friends, John Terenzio. When the two women attempted to break up the fight, Mrs. Kostas was struck by John Terenzio, causing the injuries which are the basis for her suit.

The parties agree that Mrs. Kostas's legal status was that of a gratuitous licensee. *Felix v. O'Brien*, 413 Pa. 613, 199 A.2d 128 (1964).

Counsel for the parties have mistakenly argued in their briefs the applicability of section 342 of the Restatement (Second) of Torts, (1976), dealing with a landowner's liability for injuries caused by defective conditions upon the premises. We reject the idea that Mr. Terenzio's assault upon Mrs. Kostas constitutes a defective condition on the land, for we are concerned here with conduct, not conditions.

We must decide then when will liability be imposed upon one person for the conduct of another. There is a scarcity of authority, especially where the respective parties are a private person and a gratuitous licensee. While there seem to be no cases on point, we conclude that the law as set forth in sections 315 and 318 of the Restatement; (Second) of Torts (1976), would and should apply. See *Leedy v. Hartnett,* 510 F. Supp. 1125 (1981) (federal district court in applying Pennsylvania law relied upon section 315 of the Restatement); and *Glick v. Martin &*

*Mohler Inc.,* 369 Pa. Super. 428, 535 A.2d 626 (1987) (which cites *Parish v. Truman,* 124 Ariz. 228, 603 P. 2d 120 (Ct. App. 1979), a case decided under section 315).

The general rule is that there is no duty to control the conduct of a third person to prevent him from causing physical harm to another unless:

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a special relation exists between the actor and the other which gives to the other a right to protection. Restatement (Second) of Torts, §315 (1976).

We will examine these exceptions in reverse order starting with subsection (b). The special relationship referred to in this subsection does not apply to the case at hand since under section 314A of the Restatement such a duty and corresponding right arises only in the following relationships: (1) common carriers' duty to passengers, (2) innkeepers' duty to guests, (3) possessor of land who holds the land open to the public, and (4) one who takes custody of another to the person in custody.

Under subsection (a), however, we conclude that the pleadings are sufficient to give the plaintiff an opportunity to prove at trial that a special relationship existed between the defendant and her guests, which would have imposed upon her a duty to control their conduct. We rely specifically upon section 318 of the Restatement (Second) of Torts which provides as follows:

*"Duty of Possessor of Land or Chattels to Control of Licensee —*

"If the actor permits a third person to use land or chattels in his possession otherwise than as a ser-

vant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor:

"(a) knows or has reason to know that he has the ability to control the third person, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

In applying this section to the facts as alleged in the plaintiff's complaint, it appears that (1) the defendant permitted her son and his guests to use her home for a social engagement, (2) she was present at the time, (3) she knew or had reason to know that she had the ability to control her son and his guests (that is to say that the householder always has the right to order his or her guests to leave), and (4) because of the drinking and disruptive behavior she either knew or should have known of the necessity for exercising such control.

For these reasons, and because of the lack of authority from the appellate courts of this commonwealth, we conclude that this is not a clear case for summary judgment, and the plaintiff should be given an opportunity to prove her claim.

## DISSENTING OPINION

I must respectfully dissent from the opinion of my learned brothers, and I would grant summary judgment in favor of defendant.

The facts pleaded by plaintiff are that defendant did try to "calm Terenzio (her son) down" and in doing so she and plaintiff were both assaulted by him. Thus, even granting the applicability of section 318 of the Restatement (Second) of Torts, as the majority opinion held, it is clear that defendant did not

have the ability to control her son's aggressive behavior for she was as much a victim of his violent propensities as was plaintiff.

If the claim is that defendant had the ability to control his drinking and did not, then the result reached by the majority is an unwarranted extension of liability of a homeowner for the actions of her guests. The result reached is not in keeping with the consistent refusal of the Pennsylvania Supreme Court to extend liability to a social host who provides alcohol to a guest who then causes damage to a third party whether on or off the host's premises. Here it is not even alleged that the host furnished the alcohol to the aggressor, and yet she may be held liable for his drunken behavior in her own home. Instead of baking Christmas cookies, she would have been in a better legal position by plying her adult son with alcohol and then setting him loose to cause damage off her premises. As Andy Rooney might say: "There's something about that that just doesn't seem right."