NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PETRUNKA STROUD, *Plaintiff/Appellant,*

*v.*

PB BELL ASSET MANAGEMENT, INC., *Defendant/Appellee.*

No. 1 CA-CV 19-0403
FILED 6-30-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-054862
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Ivan & Associates, P.C., Glendale
By Florin V. Ivan
*Counsel for Plaintiff/Appellant*

Holloway Odegard & Kelly, P.C., Phoenix
By Peter C. Kelly, Randy L. Sassaman
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

_____

**P E R K I N S**, Judge:

¶1        Petrunka Stroud appeals the trial court's award of summary judgment to P.B. Bell Asset Management, Inc. ("P.B. Bell") on her claims for civil conspiracy to retaliate and tortious interference. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        This appeal arises from a landlord-tenant dispute. Stroud entered into a lease at Sienna Springs Apartments in Phoenix, AZ, which P.B. Bell managed. LIV Camelback at 16th, LLC ("Landlord"), the owner, is not a party to this dispute. The lease ran from July 8, 2016, to June 7, 2017, and then continued month-to-month unless terminated on 60-days notice by either party.

¶3        On March 22, 2017, P.B. Bell notified Stroud that Landlord would not renew her lease. Stroud did not vacate the apartment at the end of her lease and Landlord brought a successful eviction action against her.

¶4        In October 2017, Stroud filed a complaint against P.B. Bell—not Landlord—alleging two counts. Count 1 included various allegations of negligence and "otherwise tortious" conduct. Count 2 raised a claim that P.B. Bell retaliated against Stroud, and included allegations that P.B. Bell engaged in tortious interference with the lease between Stroud and Landlord. In the alternative, Stroud claimed that P.B. Bell and Landlord "conspired with each other to retaliate and punish [Stroud]."

¶5        P.B. Bell moved for summary judgment on Count 1, arguing that the eviction proceedings precluded the claims in Count 2. After briefing and argument, the trial court entered summary judgment for P.B. Bell on the negligence claims in Count 1, but denied summary judgment on Count 2.

¶6        P.B. Bell then filed a second motion for summary judgment on the merits of Stroud's retaliation claim in Count 2, which the court granted. Stroud timely appealed.

**DISCUSSION**

¶7        Stroud argues the trial court erred in granting summary judgment to P.B. Bell on her civil conspiracy to retaliate and tortious interference claims, both alleged in Count 2. We review the trial court's grant of summary judgment *de novo. Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019).

## I.        Conspiracy to Retaliate

¶8        Stroud argues the trial court misapplied the Arizona Residential Landlord and Tenant Act by denying her the protections of A.R.S. § 33-1381 merely because she was a holdover tenant when evicted.

¶9        A.R.S. § 33-1381(A) provides that "a landlord may not retaliate by increasing rent or decreasing services or by bringing or threatening to bring an action for possession" against a tenant for making various specified complaints to housing enforcement agencies or the landlord. A.R.S. § 33-1381(A). Stroud only sued P.B. Bell, the management company here, alleging that it conspired with Landlord to violate A.R.S. § 33-1381.

¶10       We find no error because Landlord and P.B. Bell acted in accordance with the lease, providing 60-days notice to a month-to-month tenant after expiration of the lease term. *See Baker v. Stewart Title & Trust of Phoenix*, 197 Ariz. 535, 542, ¶30 (App. 2000) (explaining that a claim for civil conspiracy requires two or more people to agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means). Because Landlord timely gave her the termination notice, Stroud had no remaining leasehold interest in the property on the day her lease expired, and Landlord was within its rights to remove her when she remained on the property.

¶11       Even if A.R.S. § 33-1381 applied to Stroud after her leasehold interest expired, she identifies no evidence in the record beyond her own self-supporting statements that P.B. Bell "conspired" with Landlord to engage in unlawful activity. *See Feuchter v. Bazurto*, 22 Ariz. App. 427, 429 (1974) ("[A]n opponent to a motion for summary judgment does not raise an issue of fact by merely stating in [her] affidavit that an issue of fact exists, but rather [s]he must show that evidence is available which would justify a trial on that issue."). The record does not support Stroud's claim and we find no error.

## II.     Tortious Interference

**¶12**     Stroud argues the trial court erred by granting summary judgment on her tortious interference claim because P.B. Bell had not moved for summary judgment on that claim, allegedly depriving her of due process.

**¶13**     A trial court can grant a summary judgment on grounds not raised by a party so long as it gives notice and a reasonable time to respond. Ariz. R. Civ. P. 56(f)(2)–(3).

**¶14**     Count 2 of Stroud's complaint raised several potential claims, including tortious interference, arising from her general allegation of retaliation by P.B. Bell. In its ruling on P.B. Bell's first motion for summary judgment, the trial court invited a summary judgment motion "on the [r]etaliation claim" in Count 2. P.B. Bell filed a second motion for summary judgment addressing the retaliation claim in Count 2 generally without referencing the other claims in Count 2, including tortious interference.

**¶15**     Stroud tried to cabin P.B. Bell's second motion for summary judgment as "limited to the very narrow issue of post-leasehold retaliation," but her response still argued the merits of her tortious interference claim. P.B Bell replied that its second motion covered all claims in Count 2, including tortious interference, which are "predicated solely on [P.B. Bell's] decision to not renew the Lease."

**¶16**     We find no error.  Procedural due process only requires that Stroud had notice and the opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  Whatever Stroud might now claim, she argued the tortious interference claim in her response.  Further, we must assume the parties then argued the issue at oral argument because Stroud did not file a transcript of the oral argument. And "[w]hen no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision." *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009) (quoting *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998)). We deny Stroud's belated offer to provide the transcript as untimely and inconsistent with our rules of procedure. *See* ARCAP 11(c)(2)–(4) (laying out the process for timely filing transcripts and designating relevant issues for their use). We cannot find a due process violation on this record.

**¶17**     To the extent that Stroud argues the trial court otherwise erred on the merits, we disagree. Stroud's claim for tortious interference required: (1) a valid contractual relationship; (2) P.B. Bell's knowledge of that relationship; (3) intentional interference by P.B. Bell "inducing or

causing a breach"; (4) damage to Stroud; and (5) that P.B. Bell "acted improperly." *ABCDW LLC v. Banning*, 241 Ariz. 427, 437, ¶ 37 (App. 2016). The record does not support that Landlord breached the lease—Landlord and P.B. Bell acted within their contractual right to not renew or extend the lease upon giving 60-day notice. Nor is there any evidence beyond Stroud's own self-supporting statements that P.B. Bell "acted improperly" for its part in the decision to give the 60-day termination notice. We find no error.

## CONCLUSION

**¶18**        We affirm. As the prevailing party, we award P.B. Bell costs upon compliance with ARCAP 21. P.B. Bell did not request attorney's fees.



AMY M. WOOD • Clerk of the Court
FILED:    AA