460 P.2d 185

**John J. SCHOCK, Appellant,**

v.

**Jerry JACKA and Lois Jacka, his wife,
Appellees.**

**No. 9653.**

Supreme Court of Arizona.

In Division.

Oct. 29, 1969.

Rehearing Denied Nov. 25, 1969.

Gorey & Ely, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit, by Norman D. Hall, Jr., and Michael A. Curtis, Phoenix, for appellees.

HAYS, Justice.

This cause comes before us on appeal from the decision of the Superior Court entering summary judgment in favor of the defendants-appellees, Jacka and ordering that the plaintiff's complaint be dismissed as to them. The plaintiff appeals and seeks an order setting aside the judgment on the grounds that (1) there was a material fact in issue and therefore summary judgment would not lie, or (2) that the court's conclusion of law under the facts was erroneous. In addition, the appellant challenges the competency and relevancy of the affidavits offered in support of the appellee's motion. For the reasons stated below, we affirm.

The facts, briefly stated, are that the Jackas owned two adjoining parcels of real estate in Maricopa County with a 760 foot frontage along the Black Canyon Highway, which was at that time, a conventional two lane highway. The plaintiff, Schock, expressed an interest in the property for development as a trailer court. In the course of negotiations, Schock made it clear to the defendants that the property, if he were to buy it, must have a means of direct access onto the highway. It is charged that the defendants assured Schock that the property did have access to the highway, when in fact the defendants had actual knowledge that the Arizona Highway Commission had designated this to be the proposed route for a controlled-access interstate highway. Relying on the representations of direct access, plaintiff entered into a contract for the purchase of the two parcels.

Some months after the contract was signed, the plaintiff was informed by the Highway Commission that the section of Black Canyon Highway contiguous to this property was designated as a controlled access highway, and that a permit for a driveway onto the right-of-way would not be granted. Two years later, plaintiff forfeited on the contract. He brings this suit for recision, seeking to recover his down payment, the monthly payments made during the pendency of the contract, and other alleged damages.

Without going into detail as to the individual allegations of the complaint, suffice it to say that the plaintiff sufficiently alleges the nine elements of actionable fraud necessary to state a cause of action, as first set out in Moore v. Meyers, 31 Ariz. 347, 253 P. 626 (1927).

Defendants answered the complaint and denied that any misrepresentation had been made. The Jackas then moved for summary judgment on the ground that one of the nine elements of fraud was lacking; that is, the falsity of a material statement. They asserted that a legal right of access to the Black Canyon Highway existed on the date that the alleged representation was made, that it existed on the date that the contract was signed, and on the day that the contract was forfeited. They claim that this was a legal right which existed and was enforceable notwithstanding any resolution or representations of the Highway Commission.

The trial court ruled as a matter of law that access to the highway was available to the occupiers of this property at all times material to this cause of action. In doing so, he entered judgment in favor of the defendants.

The issue as stated by the complaint and argued by the parties on motion for summary judgment was the truth or falsity of the defendants' representation. The plaintiff took the position throughout, that the statement as to existing rights of direct access was false when made. The issue of whether there was a duty on the part of the defendants to disclose additional information which they had reason to believe would be considered material by the buyer, was never raised before the trial court.

It is on appeal that the plaintiff has shifted to a theory of fraudulent concealment.

Of course, it is correct that misrepresentation and concealment both may constitute actionable fraud, and in some cases may factually be but two sides of the same legal coin. Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent. However, mere failure to disclose a fact, although it may be fraudulent, is not equivalent to affirmation of the contrary fact. See Dash v. Jennings, 272 App.Div. 1073, 74 N.Y.S.2d 881 (1947).

A suppression of the truth is not always actionable fraud, even in equity. There must be a concealment of facts which the party is under a legal or equitable obligation to communicate. Because of the differing issues of fact involved, we recognize concealment and misrepresentation as separate theories which must be independently plead.

While we believe that pleadings should be liberally construed, we have stated before that a trial court does not err in refusing to rule on questions not distinctly and specifically propounded for his judgment. "In all fairness, the trial court was entitled to be informed that the question was not only within the issues, but insistent and vital, and presently before him for his decision." Pauley v. Hadlock, 21 Ariz. 340, 347, 188 P. 263, 265 (1920).

It must be noted that neither the plaintiff's complaint nor his opposition to the motion for summary judgment articulate any theory of fraudulent concealment and therefore we consider it proper for the trial court to have limited itself to the issue presented.

The issues which we will consider in this appeal are limited to whether there was a genuine issue as to any material fact, or in the absence of any fact issue, whether the trial court was in error in granting judgment to the defendants as a matter of law. See ARCP 56(c), 16 A.R.S.

As far as we can gather, the complaint and the motion for summary judgment with supporting affidavits present substantially all of the vital facts in the case and at this stage, there was presented to the court purely a question of law. This court stated only recently, that the opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists. He must show that evidence is available which would justify a trial on that issue. Crocker v. Crocker, 103 Ariz. 497, 446 P.2d 226 (1968). Therefore, further proceedings in the case depend upon the legal conclusions arrived at by the court.

The defendants argue that the issue is resolved by the case of State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P.2d 988 (1960). They maintain that the Thelberg decision is important because it established "access" as a property right, which under Article 2, § 17 of the Arizona Constitution, A.R.S. shall not be taken or injured *without compensation having been first paid*. The thrust of the argument is that since no deed or easement has been granted nor had any condemnation proceeding been initiated prior to November 27, 1962, when the con-

tract was forfeited, the resolution of the highway commission was ineffective for the purpose of restricting the access to and from this property.

. The plaintiff insists that access had been effectively restricted on March 11, 1957, the date that the Highway Commission resolution was passed designating the Black Canyon Highway as the route for a controlled-access freeway and authorizing the Commission Engineer to acquire in the name of the State all access rights appurtenant thereto. It is the plaintiff's position that the legislature delegated the power to control access to the Highway Commission specifically by A.R.S. § 28–602, subsec. 1 and generally by § 18–106, subsec. 7. Based on this legislative grant of authority, it is argued that exercise of this police power should not be contingent on the bringing of condemnation actions against every piece of property with frontage along the right-of-way. The plaintiff maintains that while the often cited Thelberg case established for the first time in this state the compensability of denied or substantially impaired access rights, it is not required by Thelberg that condemnation be brought as a "prerequisite" for the legal imposition of access control.

■ Under the Thelberg rationale, the enforceable restriction of access is an effective conversion by the state of a private right possessed by every owner of property abutting on a public highway. While there is no denial of the state's power to restrict or limit the available access, it is clearly recognized in this state that such control is a taking of a private property right for the benefit of the general public.

■ The mandate of our Constitution is clear. Article 2, § 17 of our state Constitution expressly prohibits the taking or damaging of private property for public use, "without just compensation having first been made, or paid into the court for the owner." Article 2, § 32 of the Constitution states unequivocally that, "the provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise." Note that in State ex rel. Morrison v. Nabours, 79 Ariz. 240, 243, 286 P.2d 752 (1955), we held that the word "mandatory" as used in this Constitutional provision is defined as a command and hence obligatory, which we must implicitly follow and obey.

■ In the absence of an initiated proceeding for condemnation against the property or a showing that these private easement rights had been relinquished by informal negotiation evidenced by some notation on the record of title, we are compelled by the Constitution to hold that the resolution of the Highway Commission was of no legal force and effect as applied to this defendant's right to access.

The trial court did not err in granting summary judgment for the defendants since the plaintiff failed to support his allegation of a false representation. The undisputed facts show that the statement alleged to be false was in fact true. "The gist of an action based on fraud is fraud in defendant and damage to plaintiff; and its basic elements are false representations by defendant and reliance thereon by plaintiff to his damage. Fraud without damage or damage without fraud is not actionable * * *. It is elementary that 'a representation is not actionable unless false', and 'there can be no fraud without misrepresentation.'" Koen v. Cavanagh, 70 Ariz. 389, 392, 222 P.2d 630 (1950).

Before final disposition of the case, we turn attention to the objections raised to the sufficiency of the affidavits offered by defendants in support of their motion. The attack is made on the admissibility in evidence of the facts set forth, and on the competency of the affiants to testify to the matters stated therein.

■ The first affidavit is that of the defendants, in which it is stated that from the date of their acquisition of said property and through the date of forfeiture by Schock, "* * * the two parcels of property * * * abutted and were adjacent to said highway and had uncontrolled and unlimited access to and upon .

said highway." We agree with the plaintiff, that this statement as to access is a conclusion of law and for that reason would be subject to an objection at time of trial. A proper and timely objection having been raised, that affidavit should not have been considered by the court as an aid in its determination. Elerick v. H. B. Rocklin, Real Estate Investments, 102 Ariz. 78, 425 P.2d 103 (1967).

The second affidavit was that of a Title Officer of the Arizona Title Insurance and Trust Company. Said affidavit swore to the fact that the affiant had conducted a search of the records of the office of the County Recorder of Maricopa County with respect to the lands in question and that there was attached thereto a true copy of his report. This report states, "that an examination of the above instruments and records in the office of the Maricopa County Recorder up to September 3, 1964 at 12:49 p. m. discloses nothing which would separate (the property in question) from the right of access to and from the adjoining Black Canyon Highway." This affidavit was objected to as incompetent, irrelevant and immaterial. We rule to the contrary. As we said in Schumacher v. Pima County, 7 Ariz. 269, 64 P. 490 (1901): "It is well established, as a recognized exception to the general rule of evidence, that when it is necessary to prove the results of voluminous facts, or the examination of many books and papers, and the examination cannot be conveniently made in court, the result may be proved by the person who made the examination." 7 Ariz. at 272, 64 P. at 491.

We find the objections to the affidavit of the title examiner to be without merit, and further find said affidavit, in the absence of contradictory facts, to be sufficient to support summary judgment in favor of the defendants. The judgment of the trial court is affirmed.

UDALL, C. J., and McFARLAND, J., concur.