524 P.2d 511

**ATLEE CREDIT CORPORATION, a corporation, Appellant,**

v.

**Philip QUETULIO and Josephine Quetulio, his wife, Appellees.**

**No. 1 CA–CIV 2318.**

Court of Appeals of Arizona, Division 1.

July 23, 1974.

Allan J. Besbris, Phoenix, for appellant.

William J. Wolf and Robert C. Brauchli, Maricopa Legal Aid Society, Phoenix, for appellees.

## OPINION

HATHAWAY, Chief Judge.

Is a mortgage foreclosure action barred when the statute of limitations has run on the underlying obligation? That is the question presented on this appeal. In other words, must a mortgage foreclosure action be commenced within the time prescribed by A.R.S. § 12–548:

"An action for debt where indebtedness is evidenced by or founded upon a contract in writing executed within the state shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward."

Briefly, the chronology of events is as follows. In September, 1963, appellees borrowed $3,390 and executed a promissory note and realty mortgage on their home to secure the note. They made payments until March 5, 1965, reducing their obligation to $2,310. (In the interim, the note and mortgage were assigned to appellant). Appellant brought suit on the note in December, 1966 (Cause number 195158) and judgment in the amount of $2,254.23 plus costs and attorneys' fees was entered in fa-

vor of appellant on March 21, 1967. Appellees subsequently filed in bankruptcy and were discharged as to all debts existing at the time of filing their petition in bankruptcy (appellant was listed as an unsecured creditor).

On June 5, 1972, appellant filed the instant lawsuit to foreclose its mortgage and appellees plead the bar of the statute of limitations. Cross motions for summary judgment were filed and the parties agreed that the only issue was the applicability of A.R.S. § 12–548, supra. The trial court ruled that A.R.S. § 12–548 barred the foreclosure action and granted appellees' motion for summary judgment.

The purpose of a foreclosure suit is to have the mortgaged property applied to payment of the debt secured by the mortgage. 55 Am.Jur.2d Mortgages § 553. In order to determine what period of limitations applies, we look to the nature of the cause of action or of the right sued upon and not the form. 51 Am.Jur.2d Limitations of Actions § 62. We agree with the trial court's ruling that the six year limitations period applied.

In this jurisdiction, we have no statute of limitations expressly relating to mortgages. In the case of Munger v. Boardman, 53 Ariz. 271, 88 P.2d 536 (1939), the Arizona Supreme Court held that a suit to foreclose a realty mortgage was not barred by the six year limitation period where the parties had entered into an oral agreement extending the mortgage lien. In *Munger,* supra, neither counsel nor the court assumed that any other statute but the six year statute of limitations was applicable. We are of the opinion, and so hold, that since there is no statute expressly relating to mortgages, this action on the mortgage was controlled by the six year limitations period applicable to actions on contracts in writing. Griffith v. Humble, 46 N.M. 113, 122 P.2d 134 (1942); Bracklein v. Realty Ins. Co., 95 Utah 490, 80 P.2d 471, reh. den. 95 Utah 506, 82 P.2d 561 (1938); Lackey v. Melcher, 225 Iowa 698, 281 N.W. 225 (1938); 53 C.J.S. Limi-

tations of Actions § 66. See also Dickerson v. Mack Financial Corporation, 452 S. W.2d 552 (Tex.Civ.App.1970).

■ We find no merit in appellant's argument that this is not an action for debt —its very purpose was to subject the mortgaged property to payment of the debt. Since appellant's cause of action accrued in 1965 when appellees defaulted, this suit commenced more than seven years later was barred.

Affirmed.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).