817 P.2d 8

**Max Anderson DUNLAP, Plaintiff–Appellant,**

v.

**CITY OF PHOENIX; Lawrence Wetzel and Jane Doe Wetzel, his wife; Charles Strong and Jane Doe Strong, his wife; Jon Sellers and Jane Doe Sellers, his wife; Edward Anthony and Jane Doe Anthony, his wife; Marcus Aurelius and Jane Doe Aurelius, his wife; Jack Bentley and Jane Doe Bentley, his wife; Michael Butler and Jane Doe Butler,**

his wife; Edward Flores and Jane Doe Flores, his wife; Harry Hawkins and Jane Doe Hawkins, his wife; Edwin Hetz and Jane Doe Hetz, his wife; Howard Hunter and Jane Doe Hunter, his wife; Glenn Kenner and Jane Doe Kenner, his wife; Jerry Kimmel and Jane Doe Kimmel, his wife; Oscar Long and Jane Doe Long, his wife; Allan McKenzie and Jane Doe McKenzie, his wife; Edward Salem and Jane Doe Salem, his wife; Andrew Watzek and Jane Doe Watzek, his wife; Jack Weaver and Jane Doe Weaver, his wife; Brian Miller and Jane Doe Miller, his wife, Defendants–Appellees.

No. 1 CA–CV 89–383.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 27, 1990.

Review Denied Oct. 8, 1991.*

---

* Cameron, Moeller and Corcoran, JJ., of the Supreme Court, recused themselves and did not participate in the determination of this matter.

Lacagnina, J., of the Court of Appeals, Division Two, sat in their place.

Miller & Miller, Ltd. by Murray Miller, Richard K. Miller, Phoenix, for plaintiff-appellant.

Treon, Strick, Lucia & Aguirre by Anthony R. Lucia, Mark R. Jewett, and Jones, Skelton & Hochuli, P.C. by A. Melvin McDonald, Gary H. Burger, and Toles & Associates, P.C. by Jeremy M. Toles, Phoenix, for defendants-appellees.

## OPINION

EUBANK, Judge.

Max Anderson Dunlap (Dunlap) appeals from the trial court's order granting the defendants-appellees' motion to dismiss his complaint on the grounds that his action is barred by the two-year statute of limitations. A.R.S. § 12–542(1) (Supp.1989). Defendants-appellees are the City of Phoenix and various individual members of its police department (defendants). We affirm.

## FACTS AND PROCEDURAL HISTORY

■ In reviewing an order granting a motion to dismiss, we accept as true the well-pleaded facts as alleged in the complaint. *See Drew v. United Producers & Consumers Coop.*, 161 Ariz. 331, 331, 778 P.2d 1227, 1227 (1989); *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984).

On June 2, 1976, a bomb exploded in a car occupied by investigative reporter Don Bolles. Bolles died eleven days later. On January 16, 1977, Dunlap was arrested and charged with Bolles' murder. On November 6, 1977, Dunlap was convicted of first-degree murder, and on January 10, 1978, he was sentenced to death. He was imprisoned for more than two years. On February 25, 1980, the supreme court reversed Dunlap's conviction. *State v. Dunlap*, 125 Ariz. 104, 608 P.2d 41 (1980). Dunlap was ordered to stand trial again, but the charges against him were dismissed without prejudice on June 2, 1980.

On July 2, 1982, Dunlap filed suit, alleging that the defendants fraudulently concealed from him the existence of information and evidence that would have tended to exculpate him in his murder trial. He requested $305,400,000 in general damages and $300,000,000 in punitive damages. In August 1982, the defendants filed a motion to dismiss, contending that the action was barred by the statute of limitations. Judge Morris Rozar denied the motion without explanation. There ensued years of discovery and motions and many changes of judge until trial commenced on January 7, 1987, before Judge Robert A. Hertzberg. Ten weeks into the trial, on March 12, 1987, the court granted a motion for mistrial. *See Sellers v. Superior Court*, 154 Ariz. 281, 742 P.2d 292 (App.1987). The trial was rescheduled and the matter was then assigned to Judge Robert L. Gottsfield.

On October 24, 1988, the defendants filed a second motion to dismiss based on the statute of limitations. Judge Gottsfield granted the motion, and Dunlap filed a motion for reconsideration. Judge Gottsfield denied this motion and entered judgment in favor of the defendants. Dunlap appeals, raising the following issues:

(1) Did Judge Gottsfield violate the "law of the case" in ruling on the same motion to dismiss already denied by Judge Rozar?

(2) Did the court err in holding that the three-year limitations period provided by A.R.S. § 12–543(3) did not apply?

(3) Did the trial court err by applying an improper legal standard in granting a motion to dismiss for failure to state a claim? [1]

We have jurisdiction pursuant to A.R.S. § 12–2101(B).

### I. "Law of the Case"

■ Dunlap first argues that Judge Gottsfield violated the law of the case by considering and granting the motion to dismiss after Judge Rozar had denied a previous motion based on the same grounds. Judge Rozar's denial of the first motion was not the law of the case. The law of the case doctrine relates to an appellate

---

1. The record indicates that the trial court did not dismiss on this basis. However, as we note herein, Dunlap failed to state a cause of action for fraud.

court's decision that has achieved finality and that binds the trial court (and the appellate court) in subsequent proceedings in the same action. *Stearns–Roger Corp. v. Hartford Accident & Indemnity Co.*, 117 Ariz. 132, 134, 571 P.2d 278, 280 (App. 1976), *vacated on other grounds*, 117 Ariz. 162, 571 P.2d 659 (1977); *see Black's Law Dictionary* 798 (5th ed.1979). There has not been an appellate decision rendered on the motion to dismiss issue in this matter; therefore, law of the case does not apply.

■ Nonetheless, a superior court judge should exercise caution when considering a motion that has already been denied by another judge. "The general rule in Arizona is that a trial court should not reconsider a motion already decided by another superior court judge unless new circumstances are demonstrated by the movant." *Lemons v. Superior Court*, 141 Ariz. 502, 504, 687 P.2d 1257, 1259 (1984). However, this is a general rule and the trial judge has jurisdiction to reconsider the motion unless the first decision was a final judgment. *Id.*

The defendants argue that there were pertinent changes in circumstance, contending that *von Bulow ex rel. Auersperg v. von Bulow*, 657 F.Supp. 1134 (S.D.N.Y.1987), which was decided after Judge Rozar's ruling, demonstrates that Dunlap's claim actually sounds in malicious prosecution, not fraud. Dunlap argues that this decision did not change controlling law because it is not precedent in Arizona. However, no controlling law exists because no Arizona court has considered the precise question presented here. We note, however, that five years of discovery separates the first motion from the second motion. Thus, the record was much more clear at the time of the second motion.

Although we do not rely on *von Bulow* in our determination of this matter, we note that it was a new case providing possible guidance to the trial court and therefore may have provided a proper basis for reconsidering the statute of limitations defense. We find no abuse of discretion by Judge Gottsfield in considering the second motion. It would be folly to reverse on this ground having decided, as we do hereafter, that Judge Gottsfield's order was legally sound.

## II. Statute of Limitations

■ Dunlap commenced this action on July 2, 1982. For purposes of the motion to dismiss and this appeal, the defendants have accepted Dunlap's contention that his cause of action arose on June 2, 1980, when the charges against him were dismissed. The issue therefore is how to characterize Dunlap's cause of action to determine the applicable statute of limitations.

Because it is at the heart of our discussion, we set forth pertinent excerpts from Dunlap's First Amended Complaint:

### XXXVIII

During its investigation the City and its law enforcement agency, the City of Phoenix Police Department including individual Defendants, uncovered evidence exculpatory of Dunlap; information that lessened the credibility of material witnesses who testified against Dunlap including but not limited to John Harvey Adamson ("Adamson"), Bolles' confessed slayer; and information tending to establish that persons other than Dunlap were criminally responsible for Bolles' murder.

### XXXIX

Such evidence and information, if disclosed, would have palpably demonstrated Dunlap's innocence probatum and unshrouded those who were in league with Adamson in the murder of Bolles.

### XL

During the course of the criminal proceeding against Dunlap, the [defendants] fraudulently concealed from Dunlap, evidence in [their] possession that [they] had a constitutional, statutory and equitable duty to disclose.

### XLI

In furtherance of their conspiracy to injure and damage Dunlap, [the defen-

dants] maliciously, deliberately, and with malevolent intent, destroyed, shredded, misfiled, secreted, ensconced, dissembled, covertly concealed, and surreptitiously withheld from Dunlap the aforesaid material and information that was their constitutional and statutory duty to disclose and would have tended to negate Dunlap's guilt of the crime charged.

### XLII

The aforesaid concealed information and evidence was material under the circumstances and its concealment was intended by the [defendants] to, and did in fact, deceive Dunlap into believing that the [defendants] had performed their constitutional, statutory and equitable duty imposed upon them by law.

### XLIII

Dunlap, under the circumstances, justifiably relied and had a right to rely that such concealed exculpatory evidence, information and material would be communicated to Dunlap.

\*　\*　\*　\*　\*　\*

### LI

On several occasions between January 16, 1977, and continuing to June, 1980, the [defendants], in furtherance of their conspiracy to injure and damage Dunlap and with intent to deceive and defraud Dunlap, represented to Dunlap through counsel prosecuting Dunlap that no material or information exculpatory of Dunlap existed that tended to mitigate Dunlap's guilt as to the offense charged.

### LII

On several occasions between January 16, 1977, and continuing to June 1980, the [defendants], in furtherance of their conspiracy to injure and damage Dunlap and with intent to deceive and defraud Dunlap, omitted to inform Dunlap that material or information exculpatory to Dunlap existed that tended to mitigate Dunlap's guilt as to the offense charged.

### LIII

The aforesaid representations and/or omissions were false and were then and there known by Defendants to be false; that in truth and in fact Defendants knew at the time of their investigation that they had in their possession material evidence exculpatory to Dunlap, information lessening the credibility of Adamson and other material witnesses who testified against Dunlap and information establishing that persons other than Dunlap were criminally responsible for Bolles' murder.

Dunlap argues that his cause of action is fraud and that the limitations period is therefore three years under A.R.S. § 12–543(3). The defendants argue that Dunlap's cause of action could be one of four different possibilities: (1) an action under 42 U.S.C. § 1983; (2) malicious prosecution; [2] (3) intentional infliction of emotional distress; [3] or (4) "spoliation of evidence." [4] Thus, they argue, the limitations period is either one or two years under A.R.S. §§ 12–541(3) or 12–542(1) (Supp.1989), but not three years.

Dunlap simply argues that because he has made allegations of fraud and fraudulent concealment, his cause of action neces-

**2.** Defendants argue that *von Bulow ex rel. Auersperg v. von Bulow,* 657 F.Supp. 1134, 1139–42 (S.D.N.Y.1987), supports this argument. There, the court found that Claus von Bulow's allegations that his wife's children had concocted evidence in an attempt to have him convicted of the attempted murder of his wife were properly characterized as malicious prosecution, not fraud. Having found that Dunlap's action is barred by the two-year limitations period in A.R.S. § 12–542(1) (Supp.1989), we need not decide whether Dunlap's first amended complaint states a cause of action for malicious

prosecution which has a one-year limitations period under A.R.S. § 12–541(3).

**3.** We similarly need not decide this issue.

**4.** Arizona has not recognized the tort of "spoliation of evidence." In *La Raia v. Superior Court,* 150 Ariz. 118, 121, 722 P.2d 286, 289 (1986), the supreme court refused to decide whether such a claim would be recognized because the plaintiff had an adequate remedy without it.

sarily sounds in fraud. We disagree. The essence or gravamen of the cause of action controls this determination, not the form in which the cause is pleaded. *See Hansen v. Stoll*, 130 Ariz. 454, 460, 636 P.2d 1236, 1242 (App.1981); *Atlee Credit Corp. v. Quetulio*, 22 Ariz.App. 116, 117, 524 P.2d 511, 512 (1974). A close examination of Dunlap's complaint reveals that the true essence of his action is the defendants' alleged concealment (and destruction) of exculpatory evidence. The prosecution's duty to disclose exculpatory evidence to a criminal defendant arises out of the due process clause of the fourteenth amendment to the United States Constitution. *See United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342, 352 (1976); *Brady v. Maryland*, 373 U.S. 83, 86–87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215, 218 (1963).[5]

Dunlap had recourse against the defendants if they, as alleged, violated his constitutional rights by an action under 42 U.S.C. § 1983 (1988), which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the person injured in an action of law, suit in equity, or other proper proceedings for redress.[6]

The United States Supreme Court has recently held that § 1983 actions are properly characterized as personal injury actions.

*Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254, 266 (1985). Therefore, the applicable statute of limitations is the state statute corresponding to injuries to the person. *Id.* at 279, 105 S.Ct. at 1949, 85 L.Ed.2d at 268–69. In Arizona, the limitations period for personal injuries is two years. A.R.S. § 12–542(1) (Supp. 1989). Thus, Dunlap had to file a § 1983 action before June 2, 1982. He did not do so.[7]

The fact that Dunlap alleges that the defendants violated his constitutional rights *in a fraudulent manner* does not alter the underlying character of the alleged tort. *See Taylor v. Betts*, 59 Ariz. 172, 179–80, 124 P.2d 764, 767 (1942). In *Taylor*, the plaintiff sued the members of the corporation commission for fraudulently certifying that an insurance company was solvent. The supreme court held that the one-year limitations period for liability arising out of a statute applied to the case and added:

> It is true that plaintiff alleged that the particular acts on which she bases her claim for relief were done willfully, fraudulently and negligently, but the duty to perform these acts at all and the responsibility of defendants, in case the acts were done in the manner set forth in the complaint, arise out of the statute and that only.

*Id.* As in *Taylor*, the mere fact that Dunlap might be able to phrase his complaint in terms of fraud does not change the fact that the duty the defendants allegedly breached arises out of the fourteenth

---

5. While Dunlap argued below that there was either an equitable or common-law duty for the police to divulge exculpatory evidence, he has conceded in this appeal that the duty arises out of the Constitution.

6. A § 1983 action can be maintained in our state courts. *See, e.g., Zuck v. State*, 159 Ariz. 37, 42, 764 P.2d 772, 777 (App.1988).

7. Dunlap argues that § 1983 was only a supplemental vehicle to help protect citizens because the states were not enforcing the existing remedies, *see Monroe v. Pape*, 365 U.S. 167, 180, 81 S.Ct. 473, 480, 5 L.Ed.2d 492, 501 (1961), that the statute was not intended to supplant those other remedies, and therefore his claim cannot be forced into the § 1983 box. We find this

argument inconsequential. The point is that the essence of his claim is a deprivation of a right created by the constitution. Whatever vehicle happens to be appropriate to vindicate that right is of no moment because it is the essence, not the form of the action that controls. *See Hansen v. Stoll*, 130 Ariz. at 460, 636 P.2d at 1242; *Atlee Credit Corp. v. Quetulio*, 22 Ariz.App. at 117, 524 P.2d at 512. Whatever vehicle Dunlap would choose, the essence of the tort he has alleged is deprivation of his constitutional rights. We agree with the Supreme Court's opinion that this is an injury to the person. *See Wilson v. Garcia*, 471 U.S. at 276, 105 S.Ct. at 1947, 85 L.Ed.2d at 266.

amendment as interpreted by the United States Supreme Court in *United States v. Agurs*, 427 U.S. at 107, 96 S.Ct. at 2399, 49 L.Ed.2d at 352, and *Brady v. Maryland*, 373 U.S. at 86–87, 83 S.Ct. at 1196–97, 10 L.Ed.2d at 218.

The Appellate Division of the New York Supreme Court has recently disposed of a similar attempt to extend the statute of limitations. In *European American Bank v. Cain*, 79 A.D.2d 158, 436 N.Y.S.2d 318 (1981), the bank loaned money to Cain to buy a car from Pepe Motors. Cain signed a note in favor of the bank and granted it a security interest in the car. The bank issued a check, payable to both Pepe Motors and Cain, for the amount of the loan plus three dollars to record the bank's lien on the car. After Cain defaulted on the note, the bank sued Pepe Motors for its failure to record its lien, claiming that the dealer had breached an implied contract to do so. Because a state law and an administrative regulation required the dealer to note the lender's lien on the application for the initial registration for the car, the court held that the proper limitations period was that for liability arising out of statute. In regard to the bank's breach of contract claim, the court stated:

> While rather farfetched and of doubtful success, a breach of contract claim is thus technically pleaded here. However, it adds nothing to plaintiff's case. Essentially the alleged contract was one to perform a duty already imposed upon Pepe Motors by statute and administrative regulation. The only purpose served by the plaintiff pleading the contract and its breach is to avoid the Statute of Limitations. It does not change the essence of the action which, manifestly has its genesis in the statutory scheme concerning certificates of registration for automobile titles.... Where, as here, the alleged contractual obligations add nothing to the defendant's pre-existing common law or statutory duty, the shorter

period of limitations is applicable (Citations omitted).

*Id.* at 163–64, 436 N.Y.S.2d at 321–22.

■ Like the contract claim in *European American Bank*, Dunlap's "fraud" claim adds nothing to the preexisting duty to reveal exculpatory evidence. This circumstance is especially true when the claim is fraudulent concealment. *See von Bulow ex rel. Auersperg v. von Bulow*, 657 F.Supp. at 1142 ("fraud" allegations involve nothing more than an attempt to evade the statute of limitations). To be guilty of fraudulent concealment, a defendant must have a legal or equitable obligation to reveal the information. *Schock v. Jacka*, 105 Ariz. 131, 133, 460 P.2d 185, 187 (1969). Absent such an obligation, no cause of action arises for fraudulent concealment. *See Van Buren v. Pima Community College Dist. Bd.*, 113 Ariz. 85, 87, 546 P.2d 821, 823 (1976). The obligation giving rise to Dunlap's concealment claim is a constitutional duty, the violation of which gives rise to its own tort claim. *See* 42 U.S.C. § 1983. The added allegation of fraudulent intent does not affect the nature of the claim. *See Taylor v. Betts*, 59 Ariz. at 179–80, 124 P.2d at 767. If no cause of action for fraudulent concealment exists under these circumstances, none exists for direct fraud. In *Schock v. Jacka*, the supreme court noted that the dividing line between fraudulent concealment and fraudulent misrepresentation is narrow, and, in some cases, they may be two sides of the same coin. 105 Ariz. at 133, 460 P.2d at 187. "Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent." *Id.* It would make no sense to dismiss the fraudulent concealment claim but allow the affirmative fraud to go forward when they are so interrelated.[8]

---

**8.** The defendants argue that only a *common-law* duty to disclose can give rise to a fraudulent concealment claim. The only authority they cite for this, W. Keeton, *Prosser and Keeton on the Law of Torts* § 105, at 725–26 (5th ed.1984), provides no support for this proposition. We note that in *Nevada Nat'l Leasing Co. v. Hereford*, 36 Cal.3d 146, 152, 680 P.2d 1077, 1080–81, 203 Cal.Rptr. 118, 121–22 (1984), the California Supreme Court held that a fraud claim was supported by a violation of § 2–328 of the Uniform Commercial Code (requiring a seller at

## CONCLUSION

Dunlap's complaint sounds in deprivation of his rights under the fourteenth amendment to the United States Constitution. This is an injury to the person and the statute of limitations is therefore two years under A.R.S. § 12–542(1) (Supp.1989).[9] This action was filed more than two years after the time which Dunlap alleges it arose. The superior court's dismissal was therefore correct. The judgment is affirmed.

JACOBSON, P.J., and EHRLICH, J., concur.

auction to reveal its identity if it bids ₒon an item).

9. In 1989, the legislature enacted A.R.S. § 12–820 *et seq.* (Supp.1989), which authorizes ac-

tions against public entities or public employees. These *statutes* provide for a one-year statute of limitations. A.R.S. § 12–821 (Supp.1989).