OPINION OF THE COURT
Eugene M. Hanofee, J.
The plaintiff, by order to show cause and affidavit, moves this court for an order directing that the lien of plaintiff be deemed prior to any liens of the defendants in a certain 1979 Chevrolet Monte Carlo bearing Identification Number 1Z37A9B444475.
The court finds after a hearing as follows: that the defendant, William Hadlick, received a loan from the plaintiff, Cooperative Federal Credit Union in the amount of $5,200., As and for security on said loan, the plaintiff was to receive a lien against the above referred to Chevrolet which the defendant, Hadlick, was purchasing from defendant, Robert Green Chevrolet-Oldsmobile, Inc. The security agreement was dated February 23,1979 and recited the serial number of the Chevrolet. The loan was to purchase the car which defendant Hadlick had contracted to buy from defendant *243 Robert Green Chevrolet-Oldsmobile, Inc., on February 3, 1979. The plaintiff, simultaneously with lending the money to defendant Hadlick, made out a draft payable to defendant, Robert Green Chevrolet-Oldsmobile, Inc., in the amount of $3 with the words “Hadlick filing fee” written on the front. Said draft was subsequently cashed by the defendant, Robert Green Chevrolet-Oldsmobile, Inc., on February 26, 1979. It appears that defendant, Hadlick, did not have enough money to purchase the car and borrowed an additional sum of $1,000 from defendants Robert Green Chevrolet-Oldsmobile, Inc., and Robert Green, individually, which was also to be secured by said Chevrolet. This $1,000 loan was subsequently assigned to General Motors Acceptance Corp.
The sale of the Chevrolet was consummated on February 23, 1979 and both liens of plaintiff, Cooperative Federal Credit Union and General Motors Acceptance Corp., were listed on the certificate of title without priority. The prime issue is which of said liens has priority, if any. A car dealer is obligated to list a lien on the application for certificate of title if the lender gives the dealer proper notice of its desire to have the lien recorded. (Vehicle and Traffic Law, § 2105, subd [b] ; 15 NYCRR 20.15.) The dealer complied with this statutory direction in the case at bar. In the case at bar there are no third parties involved who had no knowledge of the underlying facts surrounding the acquiring of the money to purchase the car. The purpose of the filing requirement of lien, pursuant to article 46 of title 10 of the Vehicle and Traffic Law, entitled Uniform Vehicle Certificate of Title Act, is to furnish actual protection to those who may wish to extend credit and who will want to know how and what vehicle secures their loan and how it has been otherwise encumbered.
When the plaintiff forwarded the above referred to draft to defendant, Robert Green Chevrolet-Oldsmobile, Inc., for a filing fee to secure their lien, it may be presumed that they intended to be the first lienor. In addition, it is apparent that the defendant Robert Green Chevrolet-Oldsmobile, Inc., was cognizant of plaintiff’s lien when they forwarded to defendant, Hadlick, the additional $1,000. Subdivision (a) of section 2118 of the Vehicle and Traffic Law states *244 in pertinent part “is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle without knowledge of the security interest unless perfected as provided in this section”. Since the defendants had notice of plaintiff’s lien, the court finds that plaintiff’s lien is a first lien as against the Chevrolet.
Accordingly, any moneys received from the sale of the afore-mentioned automobile scheduled to be sold at public auction on August 4, 1980 shall first be applied against the lien of plaintiff and the balance, if any, shall be applied against the subsequent lien of defendant, General Motors Acceptance Corporation.