■ TCT FEDERAL CREDIT UNION, Respondent, v NEW COUNTRY DODGE, INC., Appellant. [652 NYS2d 900] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered October 13, 1995 in Saratoga County, which, *inter alia*, granted plaintiff's motion for summary judgment, (2) from an amended judgment entered thereon, and (3) from an order of said court, entered May 29, 1996 in Saratoga County, which, *inter alia*, denied defendant's request to reduce the judgment.

In June 1992, plaintiff, a credit union, agreed to loan $17,510 to Cheryl McElhiney and Stephen McElhiney so they could purchase a 1992 Dodge Dakota automobile from defendant, a car dealership. In exchange for this loan, the McElhineys

agreed to give plaintiff a security interest in the vehicle. Defendant was provided with a check for payment of the vehicle, which included an additional $5, and contained a stamp on the back indicating that: "The filing fees required by Section 2125 of the Vehicle and Traffic Law are included in this check and are being paid by the secured parties."[1] Defendant duly endorsed the check but failed to file a lien with the Department of Motor Vehicles.

In October 1992, the McElhineys filed for chapter 13 bankruptcy protection. In a letter dated January 8, 1993, plaintiff was informed by the McElhineys' attorney that the certificate of title for the vehicle did not show plaintiff as a lienholder and, therefore, the loan was unsecured. Plaintiff thereafter received a letter, dated January 13, 1993, from defendant's title clerk which stated that "[b]y mistake we did not file a lein [sic] for you". The letter further stated that if plaintiff filled out the enclosed lien application, defendant would process the lien.[2] No lien was filed and the bankruptcy plan was subsequently modified to reflect that plaintiff was an unsecured creditor and, therefore, under the plan, would only receive 35% of the debt outstanding.

Plaintiff commenced this action alleging negligence, breach of contract and violations of Vehicle and Traffic Law § 2105 and 15 NYCRR 20.15 due to defendant's failure to file the lien. Following joinder of issue, plaintiff moved for summary judgment. Plaintiff then brought a second motion seeking an additional allowance pursuant to CPLR 8303 (a) (2). With respect to the first motion, Supreme Court granted summary judgment awarding plaintiff $17,510 plus interest and costs. Defendant thereafter cross-moved seeking, *inter alia*, leave to reargue and/or a reduction in the amount of plaintiff's recovery to reflect the amount to be received from the McElhineys' bankruptcy plan. Supreme Court, upon reconsideration,[3] adhered to its prior decision granting summary judgment, denied defendant's request for further discovery and refused to reduce the amount of the judgment. Defendant appeals.

---

**1.** An affidavit included in the record from plaintiff's manager states that, along with this check, plaintiff sent defendant a completed notice of lien representing plaintiff's security interest in the vehicle. Defendant disputes that a notice of lien application was presented to it and alleges that the check was presented to it by the McElhineys.

**2.** Defendant maintains that the McElhineys refused to cooperate with their belated request to file the lien.

**3.** Although Supreme Court did state in its decision that it was denying defendant's motion to renew or reargue, the court then went on to address the merits of defendant's motion.

Initially, defendant contends that Supreme Court improperly granted plaintiff's motion for summary judgment because triable issues of fact exist concerning defendant's negligence. Our review of the record, however, reveals that Supreme Court properly found that plaintiff was entitled to judgment as a matter of law.

Under both Vehicle and Traffic Law § 2105 and 15 NYCRR 20.15, the dealer has a duty to list, on the application for a certificate of title, any lienholder who requests such a recording, as long as the lender gives the dealer proper notice of its desire to have the lien recorded (*see, Cooperative Fed. Credit Union v Green Chevrolet-Oldsmobile*, 106 Misc 2d 242, 243). Vehicle and Traffic Law § 2105 (b) requires the dealer to promptly mail or deliver the application. 15 NYCRR 20.15 (a) states that the recording fees for such security interests are to be paid by the lender. Vehicle and Traffic Law § 2125 (a) (2) notes that the fee for recording a security interest on a certificate of title is $5.

Notably, defendant, on appeal, does not dispute that $5 extra was included in the check from plaintiff or that a notation was on the back of the check. Although defendant maintains that it never received a lien application from plaintiff at the time it received its check, the request on the back of the check and the extra $5 provided sufficient notice to defendant of plaintiff's wishes in the matter (*see, Security Trust Co. v Valley Cadillac Corp.*, 91 Misc 2d 511, 515). This conclusion is bolstered by defendant's January 13, 1993 letter to plaintiff which confirms defendant's awareness of plaintiff's desires in the matter and of its own duty to file the lien as requested. Significantly, the letter also demonstrates defendant's failure to file the lien and, therefore, establishes defendant's negligence.

Defendant alleges that a triable issue of fact exists concerning plaintiff's comparative negligence and further discovery would aid in establishing this issue. Vehicle and Traffic Law § 2107 (c) states that the lienholder named in the application for a certificate of title will be mailed notice of the recorded lien. Defendant contends that plaintiff failed to comply with its own internal procedures which, if followed, would have revealed that it had not received notice of the recorded lien and, therefore, plaintiff would have discovered that defendant had not filed the lien properly. To support its argument, defendant cites *European Am. Bank v Cain* (79 AD2d 158, 164), where the First Department, in dictum, indicates that "ordinary prudence" would dictate an inquiry by such a plaintiff as to whether its lien had been recorded after some three years had

passed without discovery of the error. However, assuming, arguendo, that we agreed with the dictum in *European Am. Bank v Cain (supra)*, here the interval between plaintiff's request for filing and the discovery of the error was too brief for an inference to be made of comparative negligence on plaintiff's part. More to the point, however, the regulation and statutes referred to herein do not impose a duty on plaintiff to review defendant's actions and there can be no cause of action in negligence without the existence of a duty (*see, Mark Hampton, Inc. v Bergreen*, 173 AD2d 220, 221, *lv denied* 80 NY2d 788). Thus, even if defendant was able to establish following further discovery that plaintiff failed to follow certain office procedures in this case, this factor would not alter our conclusion as to defendant's liability in this instance.

Finally, defendant argues that Supreme Court erred in failing to reduce the judgment by the amount plaintiff *will* receive from the distribution in bankruptcy. However, in its decision on the motion, Supreme Court noted that plaintiff had yet to receive any payments and "[s]hould the bankruptcy distribution result in a payment to the plaintiff, the defendant may take the appropriate action". Although defendant has included in its appellate brief a copy of what appears to be a record of payments made by the chapter 13 trustee to plaintiff, this information was not before Supreme Court at the time it decided the motion; therefore, we find no error in Supreme Court's determination.[4]

The remaining arguments raised by defendant have been examined and found unpersuasive.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the orders and amended judgment are affirmed, with costs.

---

4. We note parenthetically that plaintiff fully acknowledges its responsibility to give defendant credit for any moneys received as a result of the bankruptcy proceedings and has no intention of retaining a double recovery.