OPINION OF THE COURT
Judith A. Hard, J.
*663 A timeline of events giving rise to this claim is set forth in the affidavit of claimant’s Secretary-Treasurer and General Counsel, Gary Dean Lobel:
May 22, 1995
Claimant issued a loan for $15,794.59, at 21.75% interest and obtained a security interest in a 1992 Acura Legend being purchased by Timothy McCoy and Awilda McCoy (Lobel affidavit, exhibit B).
July 10, 1995
Department of Motor Vehicles (DMV) issued a certificate of title showing that claimant was the lienholder on a 1992 Acura Legend owned by Timothy McCoy {id., exhibit A).
(Undated)
Claimant completed a Form MV-901, “Notice of Recorded Lien” {id., exhibit C).
Mar. 18, 1996
DMV issued a replacement title showing that Awilda McCoy is the owner of the 1992 Acura. The replacement title did not list any lienholder {id., exhibit D).
June 25, 1998
Awilda McCoy sold the 1992 Accura to a car dealer, using the new title issued in her name.
July 8, 1998
The 1992 Acura was sold by the dealer to a private third party {id., exhibit E [listing Awilda McCoy as “prior owner”]).
Oct. 1998
The McCoys failed to make their monthly loan payment to claimant.
Nov. 23, 1998
Claimant contacted DMV and learned that the vehicle had been sold by Awilda McCoy. A lawsuit was commenced against her but it was learned that she is judgment-proof.
Aug. 10, 2000
The original claim filed in this court was dismissed as untimely, but claimant successfully cross-moved for permission to file an untimely claim (Claim No. 099833, Motion No. M-61627, Cross Motion No. CM-61743, Collins, J; Barber affidavit, exhibit C).
*664 Sept. 28, 2000
Claimant complied with Judge Collins’ decision by filing its claim, which was given claim No. 103147.*
Claimant takes the position that the State can be liable for losses that result when DMV negligently omits to properly carry out its ministerial duties in issuing certificates of title. Specifically, claimant asserts that in the situation presented here, DMV had the duty either to continue to list claimant as a lienholder on any subsequently issued certificate of title for this vehicle or to obtain from claimant a release of lien. Such a duty is ministerial and nondiscretionary and, consequently, defendant can be responsible for any losses that resulted from its negligence (mem of law at 3-4, citing Ford Motor Credit Co. v State of New York, 133 AD2d 980 [3d Dept 1987]; see also 8 NY Jur 2d, Automobiles § 334; Marine Midland Bank v State of New York, 195 AD2d 871 [3d Dept 1993]; Primus Automotive Fin. Servs. v State of New York, Ct Cl, Sept. 14, 2001, Collins, J., No. 2001-015-540, Claim No. 99569; Primus Automotive Fin. Servs. v State of New York, Ct Cl, Apr. 4, 2000, Collins, J., No. 2000-015-013, Claim No. 99569, Motion No. M-61064).
Counsel for defendant does not dispute the underlying facts set forth above, nor does he oppose the motion on the ground that the proof is insufficient to prove a prima facie case on summary judgment. Defendant asserts that the affidavit of claimant’s retained counsel, its “corporate counsel who has no direct knowledge of the facts” and unauthenticated copies of documents with no foundation, do not constitute proof in required evidentiary form to establish a party’s right to summary judgment in its favor (Cagino affirmation ITU 6, 7).
The court disagrees. In addition to being claimant’s General Counsel, Gary Lobel is the corporation’s Secretary-Treasurer. As such he would have ready access to the documents relating to this case, and there is no reason to question his statement that he is “fully familiar with the facts and circumstances stated herein” (Lobel affidavit H 1). As to the documents on which claimant’s case is based, each of them was either created by defendant or held within defendant’s records. In addition, copies *665 of the documents in question were given by defendant to claimant in the process of discovery. If there is any irregularity or change to the documents from the originals, which are in defendant’s possession, then defense counsel would be in an excellent position to call the court’s attention to such an irregularity. That he does not do so is, in the court’s view, tantamount to acknowledging that the documents submitted by claimant in support of this motion are identical to the originals in defendant’s possession. Finally, the documentation does not require “interpretation” by either party. These are routine business records issued, in most instances, by the Department of Motor Vehicles, and their meaning is evident, particularly when placed in context by the affidavit of Mr. Lobel, who has personal knowledge of the matter. This is not a situation in which defendant has not had time to look into the matter and determine the facts for itself. As noted above, there was motion practice related to a virtually identical claim that was dismissed, as untimely, in 2000, and the instant claim was filed later that same year. During the ensuing four years, the parties have been conducting discovery (see Barber reply affidavit, exhibit 1), and a note of issue was filed in June 2004, without objection from defendant.
The court holds that claimant has succeeded in proving a prima facie case of negligence on the part of defendant, negligence that directly resulted in monetary loss to claimant. In response, defendant has failed to “lay bare [its] evidence establishing the existence of a genuine triable issue of fact” (Bouchard v Champlain Enters., 279 AD2d 935, 937 [3d Dept 2001], citing Vermette v Kenworth Truck Co., 68 NY2d 714 [1986]; see also Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979]). On the basis of the undisputed facts presented here, in adequate evidentiary form, the court concludes that there is no outstanding triable issue of fact with respect to the State’s liability for the amount that was lost by claimant as a result of the negligently omitted notice of lien on the title made out to Awilda McCoy (Matter of Hannah UU, 300 AD2d 942, 943 [3d Dept 2002], citing Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994], and Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]). In this instance, “there must be only one conclusion that can be drawn from the undisputed facts” (Sanchez v State of New York, 99 NY2d 247, 254 [2002]), and it is appropriate for summary judgment to issue.
*666 With respect to damages, however, claimant has not submitted sufficient proof from which the court can make a reasonable determination of the amount that was actually lost (see n). It will be necessary, therefore, to have further motion practice, a trial, or a stipulated agreement to determine the amount of damages to which claimant is entitled.
Claimant’s motion for summary judgment is granted in part, with respect to the issue of liability, and denied in part, with respect to the issue of damages.

 At the time the claim was filed, the outstanding balance on the loan was said to be $8,641.44, with interest accruing at an annual rate of 21.75% (claim If 11). In his affidavit in support of this motion for summary judgment, Mr. Lobel states that “damages include the unpaid loan of $19,281.24 (inclusive of interest through October 1, 2004)” with a per diem interest of $5.14 thereafter (Lobel affidavit 1f 6).