■ MORETRAN FINANCIAL SERVICES, LLC, Appellant, v STATE OF NEW YORK, Respondent. [905 NYS2d 707]—

Kavanagh, J. Appeal from an order of the Court of Claims (DeBow, J.), entered June 19, 2009,. which granted defendant's cross motion for summary judgment dismissing the claim.

In 2007, claimant financed the purchase of a truck by Intratex Trucking Incorporated in New Jersey and provided Wladyslaw Oslzawski, the owner of Intratex, with a New Jersey certificate of title for the vehicle, which listed the details regarding its lien on the back of the document. Claimant also provided Oslzawski with a New York State notice of lien form (hereinafter MV-900 form) that, when filed with the New Jersey certificate of title, allows for the issuance of a certificate of title in New York subject to the New Jersey lien. Oslzawski subsequently sought to obtain title to the vehicle in New York in his own name and, in that regard, filed the New Jersey certificate of title with the New York State Department of Motor Vehicles (hereinafter DMV). However, when applying for title in New York, Oslzawski did not file the MV-900 form notifying DMV of claimant's lien and DMV, as a result, issued Oslzawski a certificate of title for the vehicle in his name without any reference to claimant's lien or its secured interest in the vehicle. Oslzawski later sold the vehicle to a third party, defaulted on the payments due claimant under its lien, and fled to his native Poland.

Claimant commenced this action against defendant alleging that DMV was negligent in issuing Oslzawski a certificate of title in New York that made no reference to its secured interest in the vehicle, and claimed that this failure enabled Oslzawski to sell the vehicle and misappropriate the proceeds of the sale without satisfying the lien ($47,769). After both parties moved for summary judgment, the Court of Claims granted defendant's cross motion and dismissed the claim. Claimant now appeals and we affirm.

Claimant argues that, since its lien was listed on the back of the New Jersey certificate of title, DMV should not have issued Oslzawski a title to the vehicle that failed to note the existence of its lien or otherwise acknowledge that it had a secured interest in the vehicle (see Vehicle and Traffic Law § 2118 [c] [2] [A]). However, for such a lien to be listed on a New York certificate of title, an out-of-state certificate of title must be accompanied by any "other information and documents the com-

missioner reasonably requires to establish the ownership of the vehicle and the existence . . . of security interests in it" (Vehicle and Traffic Law § 2105 [c] [2]). To that end, DMV regulations state that, to perfect a security interest in a vehicle not titled in New York, "the *lender* must submit a notice of lien (Form MV-900) . . . together with the appropriate recording fees *which must be paid by the lender*" (15 NYCRR 20.15 [b] [1] [emphases added]; *see* Vehicle and Traffic Law § 2125 [a] [2]; *see generally TCT Fed. Credit Union v New Country Dodge*, 235 AD2d 1016, 1017 [1997]).

Here, claimant acknowledges that it mistakenly relied upon Oslzawski to submit the MV-900 form and pay the recording fee as required by DMV regulations. However, it contends that the data on the back of the New Jersey certificate of title clearly sets forth the fact that it had a valid lien on the vehicle and this entry on that document served to put DMV on notice that any certificate of title it issued for the vehicle should have been subject to that lien. However, when "processing registration and title applications[,] DMV clerks perform only the decidedly ministerial function of determining whether all of the necessary documents are tendered, and they do not review . . . forms for lienholder information in view of the discrete procedures for perfecting liens . . . Pursuant to DMV's procedures and the applicable statute and regulations, any lien on the vehicle could only be perfected by the lienholder, and there was consequently no duty on the part of the DMV clerk to inquire. Had claimant taken the necessary steps to perfect its lien, the clean certificate of title would not have been issued; having failed to do so, claimant is responsible for its own loss" (*Chrysler Credit Corp. v State of New York*, 262 AD2d 768, 769-770 [1999]; *compare Lobel Fin. Corp. v State of New York*, 8 Misc 3d 662, 664-665 [2005]).

Claimant also argues that DMV's failure to list its lien as perfected in New Jersey on the certificate of title constituted a violation of the Full Faith and Credit Clause of the US Constitution. However, New York did not refuse to recognize a valid out-of-state lien when it issued a certificate of title to Oslzawski; instead, it did not list the New Jersey lien on the New York certificate of title because claimant failed to take the necessary steps under applicable DMV regulations that would have insured that claimant's interest in the vehicle was duly recorded and fully protected.

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.